ROTH and others *vs.* PALMER.

TOBEY and others *vs.* PALMER.

A complaint contained counts confessedly on contract, and well pleaded; also a count which set forth, substantially, that the plaintiffs sold and delivered to the defendant goods to a certain amount, on a credit of six months; that the defendant was insolvent at the time of the sale, and purchased the goods without any intent to pay for them, and with intent to defraud the plaintiffs of their value; and that by reason of such fraud the defendant became liable to pay for said goods immediately upon their delivery. The action was brought before the expiration of the term of credit; and the goods not having been paid for, the plaintiffs demanded judgment for the price agreed to be paid, with interest. The defendant demurred, for the joinder of improper causes of action in one complaint, and for the want of any sufficient cause of action being set forth in the last count. *Held,* that the complaint was good; and order overruling demurrer affirmed.

*Held also,* that the cause of action set forth in the last count of the complaint was upon *contract;* that *fraud* was sufficiently set forth to justify a rescission of the contract; that no specific act on the part of the plaintiffs, other than bringing the action, was necessary to be done, to manifest the plaintiffs' intent to rescind the contract; that the facts justified the plaintiffs in making their election to sue in assumpsit rather than tort; and that in making such election they did not thereby adopt the express contract, but relied on the implied contract to pay, arising from the delivery, and the defendant's possession of the goods.

The vendor, on repudiating the contract of sale, under such circumstances, has his election between contract and tort, in respect to the form of action.

And he may, if he thinks proper, instead of setting out all the facts, in his complaint, prosecute simply for goods sold and delivered; leaving the rest of the transaction to come out as a matter of evidence, on the trial.

APPEAL from an order made at a special term, overruling a demurrer to the complaint.

*E. Cowen,* for the plaintiffs.

*W. A. Beach,* for the defendant.

*By the Court,* HOGEBOOM, J. The complaints in these actions contain two or more counts confessedly on contract and well pleaded, and another count which sets forth, substantially, that the plaintiffs sold and delivered to the defendant goods to

Roth *v.* Palmer.

a certain amount, on a credit of six months ; that the defendant was insolvent at the time of the said sales, and purchased said goods without any intent to pay for them and with intent to defraud the plaintiffs of their value ; and that by reason of said fraud the defendant became liable to pay for the goods immediately upon their delivery. They therefore (the goods not having been paid for) demand judgment for the amount of said sales, with interest. The action is brought before the expiration of the time of credit. The defendant demurs, for the joinder of improper causes of action in one complaint, and for the want of any sufficient cause of action being set forth in the last count. The judge at special term held the complaint good, and the defendant appeals from his order to the general term.

To avoid the objections presented by the demurrer, the plaintiffs must satisfy the court, 1. That the cause of action set forth in the last count of the complaint is *upon contract.* 2. That *fraud* is sufficiently set forth therein to justify a rescission of the contract. 3. That no specific act on the part of the plaintiffs, other than bringing this action, was necessary to be done to manifest the plaintiff's intent to rescind the contract. 4. That the facts justify the plaintiffs in making their election to sue in assumpsit rather than tort. 5. That in making such election they do not thereby adopt the express contract, but rely on the implied contract to pay, arising from the delivery and the defendant's possession of the goods.

1. I think the plaintiffs meant to bring their action upon contract, and that the terms employed favor the conclusion that the count is on *contract*, rather than in *tort.* It alleges a sale and delivery of the goods, a fraud simply to avoid the term of credit, a liability to *pay* for the same upon delivery, and a demand of judgment for the price or value, with *interest* from the time of delivery. The words bear that construction rather than the other ; and perhaps some significance should be given to the fact that the other causes of action are plainly

upon contract, and that the pleader could scarcely have intended to couple inconsistent causes of action in the same complaint.

2. The count also alleges, in effect, a *fraudulent* purchase ; an intent *not to pay* when the purchase was made ; and a design then formed to *cheat* the plaintiffs out of the value of the goods. If such an intent is established by sufficient evidence, it will justify a rescission of the contract, and would have authorized an action of replevin, or of trover, for the goods. (*Cary* v. *Hotailing*, 1 *Hill*, 311. *Ash* v. *Putnam, Id.* 302. *Root* v. *French*, 13 *Wend.* 570.)

3. As the plaintiffs had received nothing from the defendant on the purchase, except a worthless verbal promise, there was nothing which they were bound to return as a condition precedent to the right to recover. If they had received a note, or goods, or part payment in money, they would probably have been obliged promptly on discovery of the fraud to restore every thing which they had received under the repudiated contract. (*Masson* v. *Bovet*, 1 *Denio*, 69. *Boughton* v. *Bruce*, 20 *Wend.* 34. *Wheaton* v. *Baker*, 14 *Barb.* 594.) But I do not see what they could possibly do in this case previous to bringing the action, to manifest their intent to rescind, unless it was to *give notice* to the defendant. I think that was not necessary. If the action had been in tort, and the original purchase fraudulent, and the possession of the defendant consequently wrongful, an action of replevin or of tort would have lain, without any demand or notice. (*Colville* v. *Besly*, 2 *Den.* 139. *Hawkins* v. *Appleby*, 2 *Sandf.* 421. *Ash* v. *Putnam*, 1 *Hill*, 302.) And it is difficult to see why it should any more be required simply because, not the facts, but the form of action is changed. The defendant cannot complain, because he is supposed to know that his fraud avoids the express contract, and makes him, by implication of law, liable to pay immediately upon delivery of the goods. (*See also Des Arts* v. *Leggett*, 16 *N. Y. Rep.* 582.)

4. Nor do I see how, after the repeated adjudications of this court on the question, it is possible to say that the plain-

tiffs, on repudiating the contract for the fraud, had not their election between contract and tort, as to the form of action. It is a question of form and not of substance. The adoption of the *ex contractu* form of action is in every respect more favorable to the defendant. It prevents a preliminary arrest; it allows a set-off; it defeats final process against the body. Our courts hold that he shall not be permitted to take advantage of his own wrong to set up a formal objection against the plaintiff's recovery. Originally, and particularly in the English courts, and in Massachusetts, a distinction was attempted to be established as to the cases in which the plaintiff should be allowed his election, and to confine it to cases where the fraudulent purchaser had parted with the goods and received money on his sale of the same, which the courts allowed the plaintiffs to treat as money had and received to the plaintiff's use. (*Bennett* v. *Francis,* 2 *Bos. & Pull.* 550, 555. *Jones* v. *Hoar,* 5 *Pick.* 285.)

But the cases in our own courts recognize no such distinction. They seem to allow it to be done in all cases where the plaintiff would have been allowed to pursue his remedy in tort, and the decisions in this court have been too numerous and too uniform to allow us now to set up any distinction or limitation, even if it were desirable on principle. (*Putnam* v. *Wise,* 1 *Hill,* 234 *and note. Cummings* v. *Vorce,* 3 *id.* 283 *and note. Berly* v. *Taylor,* 5 *id.* 577. *Brownell* v. *Flagler,* 5 *id.* 282. *Baker* v. *Robbins,* 2 *Denio,* 136. *Osborn* v. *Bell,* 5 *id.* 370. *Camp* v. *Pulver,* 5 *Barb.* 91. *Hinds* v. *Tweddle,* 7 *Howard,* 278. *Butts* v. *Collins,* 13 *Wend.* 154. *See also Lightly* v. *Clouston,* 1 *Taunt.* 113. *Hill* v. *Jerrott,* 3 *id.* 274. *Young* v. *Marshall,* 8 *Bing.* 43.) There is scarcely a case in this state which holds a contrary doctrine. The only one that has been presented to my notice in conflict with these is that of *Moffatt* v. *Wood & Fry,* appended to the defendant's points but not reported. I think we must regard this last case as a departure from the line of authority established by our own courts, and therefore not to be followed. The case of *Moffatt*

v. *Wood* went up to the Court of Appeals and was affirmed. I have not had access to the opinions pronounced upon such affirmance, but the note of the decision contained in the supplement to *Clinton's Digest*, page 24, would lead to the conclusion that the affirmance was placed upon a different ground, as it well might be, to wit, that there being an express *valid* contract in the case, the plaintiff could not be permitted to repudiate it, nor would the law *imply* a different one. The suit was *indebitatus assumpsit* for goods sold, and the goods received by the defendants were received upon a contract to *sell them on commission.* There was an alleged *subsequent fraudulent* conversion of the goods; and this fraud, under the authorities, justified the plaintiffs in disregarding the sale made by the defendants to other parties, which was in effect a fraudulent conversion, but not in disaffirming the original contract, which was subject to no imputation of fraud. There is nothing in the case to show that an action for a breach of the contract to sell on commission, if a breach of that contract had been prosecuted for and proved, would not have been sustained.

5. The remaining question is, what is the effect of a waiver of the tort? Does it restore the express contract which has been repudiated for the fraud; or does it leave the parties in the same condition as if no express contract had been made, to such relations as result by implication of law, from the delivery of the goods by the plaintiffs, and their possession by the defendant? On this subject the decisions are conflicting, but I think the weight of authority, as well as the true and logical effect of the various acts of the parties, is to leave the parties to stand upon the rights and obligations resulting from a delivery and possession of the goods. ( *Willson* v. *Foree,* 6 *John.* 110. *Butts* v. *Collins,* 13 *Wend.* 154. *Camp* v. *Pulver,* 5 *Barb.* 91.) Indeed I think the plaintiff might properly and preferably have prosecuted simply for goods sold and delivered, and allowed the rest of the transaction to come out as a matter of evidence. If he had done so, the order of proof would have

Roth *v.* Palmer.

been as follows. The plaintiffs would have proved that they delivered goods of a certain value to the defendant, and that the latter received the same or that they were afterwards shown to be in his possession. From this evidence the law would imply a promise to pay the value, and the plaintiffs might properly have rested. The defendant would then have shown the express contract by which he was to have a credit of six months on the purchase. This would have established a defense. The plaintiffs would then show by the declaration of the defendant antecedent or subsequent to the purchase, or by other proper evidence, that the defendant's purchase was fraudulent, without means or intent to pay for the goods, and with the design to defraud the plaintiff, and would properly claim that this justified him in repudiating the contract. On this evidence the plaintiff would rest and the proof would be closed. The only remaining questions would be questions of law; whether this state of facts justified him in prosecuting in assumpsit, and whether adopting that form of action would reinstate the express contract. These questions, as already suggested, ought, I think, to be decided in favor of the plaintiffs. Under the old form of pleading, they might readily be prosecuted by declaration, plea and replication, and a demurrer to the replication; under the new form of pleading by a complaint and answer: the answer setting up the express contract, and the remaining facts being presented on the trial by denial or avoidance of the facts set up in the answer. The plaintiffs have chosen, perhaps in stricter analogy to the theory of the present system of pleading, to present all the facts in their complaint. The defendant admits those facts by the demurrer, and presents the questions of law arising thereon for the adjudication of the court. The result is, I think, that the plaintiffs must have judgment, and that the order of the special term must be affirmed with costs.

[ALBANY GENERAL TERM, May 3, 1858. *Wright, Gould* and *Hogeboom,* Justices.]