## SUPREME COURT.

### JOHN CAMPBELL agt. AMOS C. WRIGHT.

Where the notice in the summons is under sub. two, of § 129 of the Code, asking for relief and the complaint is on contract or in part on contract, calling for the recovery of a specific sum of money; such part of the complaint may be *stricken out on motion.*

But *it seems,* in such case where the defendant *demurs* to the complaint, he waives his remedy to strike out.

Where the *allegations of fraud* in the complaint, although contained in a separate count, are not the *gravamen* of the action, but alleged to show the plaintiff's right to *rescind* the agreement, for the value of his work performed and for the money paid, which are counted upon separately, they may be properly joined in the complaint, without any reference to their arising, or not arising " out of the same transaction."

*Albany General Term, September,* 1860.

GOULD, HOGEBOOM and BOCKES, *Justices.*

THE first count in the complaint in this case was for work and labor performed by the plaintiff for the defendant for one year, whereupon, the defendant became and remained indebted to the plaintiff for the sum of $140. The second count was for $76, money lent by the plaintiff, and paid out and expended to the defendant's use. The third count, which appeared to be for a second cause of action; plaintiff alleged fraud and deceit by the defendant in the sale to him of ten shares of plank road stock, in consideration thereof, the plaintiff paid to the defendant the sum of $76, as aforesaid, and did work and labor for the defendant for the period of one year as aforesaid ; also alleged that said stock was of no value whatever, which was well known to the defendant and unknown to the plaintiff at the time of said agreement. It avers that before the commencement of the action, the plaintiff tendered and offered to return to the defendant the said shares of stock, and demanded of him the money so. paid towards said stock, and the price of his labor aforesaid, which the defendant refused to receive

or pay. The plaintiff demanded judgment against said defendant for $216, with interest from the 2d of December, 1853, together with costs of the action.

The defendant demurred to the complaint as follows : "1st. That said complaint contains a cause of action in contract, united with a cause of action for fraudulent representation; and these causes of action are improperly united. 2d. That several causes of action which do not belong to the same class, have been improperly united." The demurrer came on for argument before Mr. Justice HARRIS, at a special term held at Catskill, in the county of Greene, on the 22d day of November, 1859, and an order entered allowing the demurrer, and judgment for the defendant, with leave to the plaintiff to amend his complaint in twenty days, on payment of the costs of the demurrer. From this order the plaintiff appealed.

> TREMAIN & PECKHAM, *attorneys,* and LYMAN TREMAIN, *counsel for plaintiff.*

I. This complaint contains, in fact, but a single cause of action, and in such case, although it is stated in different counts, a defendant cannot successfully demur on the ground of misjoinder. This question is determined also not upon affidavit but from the face of the complaint. (*Ford* agt. *Mattice,* 14 *How.,* 92 ; *Ford* agt. *Mattice,* 14 *How.,* 91 ; *Hillman* agt. *Hillman,* 14 *How.,* 456.)

*a.* Pleading to be liberally construed with a view to substantial justice. (*Code,* § 159.)

*b.* In first count, so called, plaintiff claims to recover, 1st. $140 for one year's work from December 2d, 1853, under a contract to work for one year for that sum, 2d. $76 cash; also interest on both sums.

In second count, he claims to recover, 1st. $140 for a year's work, from December 2, 1853, at an agreed price of $140, and 2d, $76 paid and interest on the two sums, claiming as damages in all only $216 and interest, the only differ-

ence in the two counts, being the fact that the first count is general, according to the *old* form, and the second special, stating particularly the facts, according to the *new*.

The causes of action not only appear to be the same, upon a reasonable construction; but from necessity they must be so construed unless the court can see that the plaintiff could work in two places during the same period of time, viz : one year from and after December 2d, 1853.

II. But, if the causes of action were distinct, they were both upon contract, and were clearly so intended by the pleader.

*a.* Where the plaintiff is induced to receive a note or other thing in payment for goods, and there is fraud; on returning or offering to return it, the plaintiff may sue in assumpsit for the goods. (*See Wilson* agt. *Foree*, 6 *John.*, 110.)

An action lies for the value of goods delivered as part payment, on a contract void for the fraud of the vendee. (*Camp* agt. *Palon*, 5 *Barb.*, 91.)

In this case the pleader manifestly intended to recover in assumpsit, pay for his year's work, at the price agreed, $140, and the moneys paid $76, having offered to surrender the stock, which had been fraudulently turned out to him for said work and for the cash.

Had his claim been for the tort, he would have been entitled to exemplary damages, but in each and every place, he claims only these two items and interest, setting out the fraud, not as the gist of his action, but as part of the facts showing why the stock was no payment for the work and the cash.

III. If here were two causes of action, one in deceit, and one on contract, still they could be united, for, as already shown, they all "rise out of the same transaction." (*Code*, *sec.* 167, *sub.* 1; *Robinson* agt. *Flint*, 16 *How.*, 240.) They are entirely consistent. (4 *Abbott*, 176.)

IV. It is no ground of demurrer that the causes of action in the first count are not separately stated.

1. Because they are in fact separately stated—no numbering being necessary. (4 *How.*, 226; 17 *How.*, 242.)

2. Because the demurrer does not specify that the causes of action are "not separately stated." (*Moore* agt. *Smith*, 10 *How.*, 361; *Blanchard* agt. *Strait*, 8 *How.*, 83.)

3. Because the omission to state them separately is not a ground of demurrer but can be remedied only by motion. (*Lattin* agt. *McCarty*, 17 *How.*, 240; *Harson* agt. *Bayand*, 5 *Duer*, 656; *Benedict* agt. *Seymour*, 6 *How.*, 298; *Robinson* agt. *Judd*, 9 *How.*, 378; *Gooding* agt. *McAllister*, 9 *How.*, 124; *Peckham* agt. *Smith*, 9 *How.*, 436.) *Howard's Code*, *p.* 227, § 144, where it is said "the weight of authority and the practice is that a demurrer will not lie for this cause."

V. The order should be reversed, and the demurrer overruled, with costs on demurrer and appeal.

L. & N. FAULK, *attorneys and counsel for defendant.*

The defendant demurs to the plaintiff's complaint, on the ground that it improperly unites two causes of action.

The first count is work and labor performed by plaintiff for defendant.

Another separate count is for $76, money loaned and paid out by plaintiff to defendant.

For a second cause of action plaintiff claims a cause of action for fraud and deceit in the sale of ten shares of plank road stock rising *scienter*.

Judge HARRIS, at special term, sustained the demurrer. (*See Sweet* agt. *Ingersoln*, 12 *How. Pr. R.*, 331, *Oneida General Term*, PRATT, ALLEN and BACON, *Justices*; 17 *How.*, 242.) Under § 167 of the Code, two causes of action may arise out of the same transaction, but not at all be connected with the same subject of action.

For instance a count in assumpsit on the alleged warranty of a horse, and a count for fraud and deceit in wrongfully concealing the defects of the same horse.

These causes are inconsistent with each other. Decided January, 1856, (12 *How. Pr. R.*, 331, *Oneida General Term.*) The same principle is in accordance with *Smith* agt. *Hallock*, (8 *How.*, 73.)

15 *How. Pr. R.*, 221, *Plattsburgh General Term*, 1857. C. L. ALLEN, JAMES and ROSEKRANS, *Justices.* "A cause of action in tort, cannot be united with one on implied contract or expressed. 12 *How.*, 28, *N. Y. Special Term*, 1855, PEABODY, *Justice, vide Smith* agt. *Hallock*, 8 *How. Pr. R.*, 73, *Westchester Special Term*, STRONG, *Justice*, says, "the 167th section of the Code reads as amended, 1852, the plaintiff may unite in the same complaint, several causes of action whether they be such as have heretofore been denominated legal or equitable, or both; whether they arise out of, first, the same transaction or transactions connected with the same subject of action," &c., &c.

"Now this has reference to such causes of action as are consistent with each other, not to those which are contradictory." (*Waller* agt. *Raskan*, 12 *How. Pr. R.*, 28, *N. Y. Special Term*, 1855.) A cause of action in tort cannot be united with one on contract, (a case similar to this.)

II. The summons in this case is for relief under sub. 2, of § 129, which explains the character *ex delicto*, and by the Code the summons must show whether or not the action arises on contract. (*See Colwell* agt. *N. Y. E. R. R.*, 9 *How. Pr. R.*, 312; 17 *id.*, 240, *a strong case.*)

By the court, GOULD, Justice. We are at the argument informed of a point in this case, which does not appear upon the papers; and that point is, that the *summons* is one *asking for relief*, (under division two, of § 129, of the Code.) If this be so, the complaint so far as it is on contract, and calls for the recovery of a specific sum of money, does not follow the summons; and it might have been struck out on motion. (*Gould's Plead.*, ch. 4, § 51, *and note*; 12 *How.*, 208; 14 *How.*, 360, 395; 15 *How.*, 564; 19 *How.*, 164.) But as

the defendant has passed that by and demurred, it may be that he is too late to avail himself of it. At any rate, it is not now before us; and we can act only on the appeal from the special term order sustaining the demurrer.

And as to this, it would seem completely covered by the decision of this court in *Roth* agt. *Palmer*, (27 *Barb.*, 652,) where it was held that the allegations of fraud were, not the *gravamen* of the suit; but were alleged to show the plaintiff's right to *rescind* the agreement of sale, and proceed for the value of his property; as in this case for the value of his work, and for the money paid; both of which claims sound in *contract*, and may properly be joined in one complaint, without any reference to their arising, or not arising, " out of the same transaction." (*Code*, § 167.)

I think the order of the special term must be reversed with costs; with leave to the defendant, to answer, &c.