Kayser *v.* Sichel.

———•••———

## KAYSER & WEIGAND *vs.* M. & S. SICHEL.

Upon an answer setting up the non-joinder of other persons as co-defendants, articles of copartnership are admissible to prove a partnership between the defendants and the persons omitted.

But where the answer alleged that two persons not joined were partners of the defendants, and the articles produced showed that there was only one partner not joined, it was *held* that the articles were properly excluded.

Where vendees have been guilty of a fraud, upon a purchase of goods on credit, the vendor may, without waiting until the time of credit has expired, reclaim the goods, or he may waive the tort and recover in assumpsit for the value.

In the latter case, it is sufficient for him to allege, in his complaint, that he sold to the defendant goods to the value of so much, and that the defendant has not paid, &c.

A party to an instrument under seal, having a subscribing witness, is not a competent witness to prove its execution.    *Per* CLERKE, J.

To lay the foundation for the admission of any other evidence than that of the subscribing witness, it is necessary to prove that the latter was not capable of being examined, as that he was dead, or incompetent to give evidence from insanity or infamy of character, or absence in a foreign country, or that he could not be found, after strict and diligent inquiry.    *Per* CLERKE, J.

Kayser v. Sichel.

THIS action was brought against two of the members of the firm of Max Sichel & Co., to recover the sum of $1108.21 and interest, upon an alleged indebtedness for leather sold and delivered to the firm between July 30th, 1858, and September 14th, 1858. The answer set up ; first, the non-joinder of George Mann and Adolphus Knorr, as co-defendants; and second, that the goods had been purchased on a credit which had not expired, and that in payment the defendants had executed and delivered to the plaintiffs their promissory notes therefor. The complaint originally contained a count claiming that such promissory notes had been received under fraudulent representations by the defendants, as to their responsibility; and had been tendered back before suit, but on the defendants' motion that count was stricken out before answer. The case was tried before his honor, Judge DAVIES, without a jury, at the New York circuit, on the 21st day of January, 1859. On the trial the defendants produced the articles of copartnership between the persons constituting the firm of Max Sichel & Co., and offered to show by them that George Mann was a partner. The plaintiffs' counsel objected to the articles as evidence, and the court excluded the same. The defendants then offered to prove by Adolphus. Knorr the execution of a release, signed by said Knorr and Max Sichel. The following is a copy of such release :

"Whereas, we the subscribers having heretofore been in copartnership in the shoe and leather business in the city of New York, at 190 William street in said city; and whereas said copartnership under the name of Max Sichel & Co. having been dissolved by mutual consent between the respective parties hereto ; now, in consideration of the sum of one dollar to each other in hand paid, the receipt whereof is hereby acknowledged, do hereby each for himself release and discharge each other from all and every claim or demand that we or either of us have against each other anterior to the date of this agreement.

In witness whereof we have interchangeably set our hands and seals this seventh day of October, 1858.

MAX SICHEL, [L. S.]

A. KNORR, [L. S.]

Sealed and delivered in presence of John Herts."

The plaintiffs' counsel objected, and his honor, the judge, sustained the objection, and held that the execution of such release should be proved by the subscribing witness if within the state, to which ruling the defendants' counsel excepted.

The justice before whom the action was tried found the following facts, viz: That the plaintiffs, as copartners under the firm name of Henry L. Kayser & Co., at the city of New York, and between the thirtieth day of July, 1858, and the fourteenth day of September, 1858, sold and delivered to the defendants, who then were copartners under the firm name of Max Sichel & Co., goods, wares and merchandise, consisting of leather, to the amount and of the reasonable value in all of $1008.21 ; and that said sum, with interest amounting to $25.91, still remains due and unpaid. That said goods were so sold and delivered upon a credit of four months ; that such credit was obtained upon false representations for that purpose made by said defendants as to their responsibility. That the defendants gave the plaintiffs their promissory notes, by them made in accordance with such credit, and which notes were received upon the faith of said representations. That such representations of the defendants as to their responsibility were wholly untrue and known to said defendants to be so at the time of making the same, and that prior to the commencement of this action the plaintiff offered to surrender to the defendants said promissory notes. And as matter of law upon said facts, he found that the plaintiffs were entitled to rescind the contract as to the credit, by reason of the false representations made to obtain the same, and were, therefore, entitled to judgment for the sum of $1135.57, besides costs.

Judgment was entered for the plaintiffs accordingly. No

Kayser *v.* Sichel.

exceptions were taken to the judge's finding of facts or conclusions of law, and the case came up on exceptions specifically taken at the trial.

*E. W. Dodge,* for the appellants

*W. R. Stafford,* for the plaintiffs.

INGRAHAM, J. In this case the defendants were sued as partners, for the amount of a bill of goods sold them. In the answer the defendants set up as a defense that one Mann and one Knorr were partners in the transaction, and should have been joined as defendants.

Upon the trial of the cause the defendants offered articles of copartnership between the defendants and Mann, dated previous to the sale of the goods, and proved by a subscribing witness, which were objected to and excluded. The evidence did not show that Knorr was a partner. The articles of copartnership were admissible to prove a partnership. Where the members of a firm or any of them set up by way of defense that other persons than those sued were partners, they are held to strict proof of the existence of such partnership. The admissions of the parties not joined is not admissible, nor would the admissions of the defendants be received for such purpose.

The only evidence that could be produced is the articles of copartnership, unless the defendants themselves are examined. This rule was stated by the court in *Sweeting & White* v. *Turner,* (10 *John.* 216,) in which it is said "If the defendant and McNeil were partners they might have shown it by the production of the articles of copartnership, or by witnesses to the agreement."

I am, however, of opinion that the exclusion of the evidence may be sustained. The answer set up two persons not joined to have been partners. The articles produced only showed that there was one person not joined. In *Hawks* v. *Munger,* (2 *Hill,* 200,) Judge Cowen says: "To sustain a

plea of non-joinder it must appear in evidence that there is neither a greater nor less number of defendants than the plea sets up." It would have been better to have received the evidence as to Mann and then ruled that it was insufficient to make out the defense as set up in the answer, without further proof as to the interest of Knorr in the firm. But as the evidence established that Knorr was not a partner, the exclusion of it worked no injury to the defendant.

The other question is as to the right of the plaintiff to recover notwithstanding the credit which was given on the sale of the goods had not expired when the action was brought. The plaintiffs claimed to recover upon the ground that the defendants had been guilty of a fraud in the purchase of the goods from them. The finding of the court sustains the allegation in that respect, and the plaintiffs might, therefore, have reclaimed the goods, or might have waived the tort and recovered in assumpsit for the value. The complaint charges that the plaintiffs sold to the defendants goods to the value of so much and that the defendants have not paid, &c. This question is fully discussed in *Roth and others* v. *Palmer,* (27 *Barb.* 652,) and it is unnecessary to add any thing to the opinion in that case.

The judgment should be affirmed.

SUTHERLAND, J. concurred.

CLERKE, P. J. I. The judge, at the trial, properly refused to allow the defendants to show by written articles that Mann was a copartner of theirs, at the time their liability to the plaintiffs was incurred. The answer averred a copartnership with Mann and Knorr, and not with Mann alone. The instrument, therefore, had no relevancy to the question raised by the pleadings. Whether it would have been proper to have admitted it, if the answer had averred the partnership of Mann alone, it is not necessary for us now to decide. It appears from the opinion of the old supreme court

in *Sweating* v. *Turner*, (10 *John.* 216,) that the articles of copartnership were admissible in a plea of this description. But this was a *dictum;* it was not at all necessary to the decision of the case to determine that the written declarations of the defendants were admissible in their own favor, when their oral declarations confessedly could not be.

II. Knorr, one of the parties to the release, was not a competent witness to prove its dissolution. To lay the foundation for the admission of any other evidence than that of the subscribing witness, it was necessary to prove that the latter was not capable of being examined, as that he was dead, or incompetent to give evidence, from insanity or infamy of character, or absent in a foreign country, or that he could not be found after strict and diligent inquiry. This rule has not not been directly or indirectly repealed or modified by the code, or any other legislative provision.

Even if the execution of this release were properly proved, the instrument was not relevant. It expressly contradicted the allegation in the answer that Mann and Knorr both were partners.

III. The plaintiffs were not bound to bring an action of *tort* for the fraud. It was sufficient to sue generally for the sale and delivery of the goods, and when the defendants showed that they were sold on a credit, which had not yet expired, the plaintiffs in reply could show that this credit was obtained by fraudulent representations: that, consequently, they rescinded this particular express contract, and that they relied for recovery on the contract which the law in such cases implies, namely, that the defendants are liable for immediate payment, precisely as if no express contract had ever been made. This, I think, is fully established by all the recent adjudications in our courts, particularly in the cases of *Roth* v. *Palmer*, and *Tobey* v. *Palmer*, (27 *Barb.* 652;) where the subject is thoroughly discussed. The bringing of the action, and the offer at the trial to surrender and

cancel the notes, were a sufficient exercise of the plaintiffs' right to rescind the express contract.

The judgment should be affirmed with costs.

Judgment affirmed.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke*, *Sutherland* and *Ingraham*, Justices.]