·Abbott *v.* Blossom.

66  353.
121a 165

ABBOTT, receiver, &c., *vs.* BLOSSOM.

G., a carpenter, agreed with the defendant to put certain repairs upon the house of the latter. G. was to furnish the lumber required, and the defendant was to draw it. No separate price was to be paid for the lumber, but the work and materials were to be paid for at a fixed price, on the completion of the job. G. selected the lumber to be used, and the defendant drew it to the house. G. failed to commence work upon the job, and abandoned the contract. The defendant employed other parties to make the repairs, and used the lumber, in making them.

*Held,* 1. That the lumber did not become the property of the defendant; there having been no delivery of it with intent to pass the title.

2. That the wrongful conversion of the property, by the defendant, could be waived, and an action maintained by G. (or his receiver,) against him, as for goods sold and delivered.

In case of a wrongful conversion of personal property, *it seems* the owner can waive the tort, and sue the wrongdoer in assumpsit, as for goods sold and delivered, where the latter has not sold, but retains the goods. He may, at all events, when the wrongdoer has absolutely used the property for his own benefit, changing its condition and character.

APPEAL by the plaintiff from a judgment of nonsuit rendered at the Wayne circuit.

*S. B. McIntyre,* for the appellant.

*L. M. Norton,* for the respondent.

*By the Court,* TALCOTT, J. One Graham, a carpenter ·and joiner, of whose effects the plaintiff is receiver, entered into a contract with the defendant to put certain repairs on the defendant's house. Graham was to fur-

nish the necessary lumber, and the defendant was to draw it from the points where Graham furnished it to the place where the house was to be repaired. There was no separate price to be paid for the lumber, but the work and materials, when the job was completed, were to be paid for at a fixed price. Graham selected the lumber to be used by him upon the job, and the defendant drew it to the place where the job was to be done. Graham failed to commence work upon the job, and abandoned the contract, and the defendant employed other parties to do the repairs, and used the said lumber in making them. The plaintiff, as receiver of the property and effects of Graham, brought this action against the defendant to recover the value of the lumber as goods, &c., sold and delivered. But two questions are presented on the appeal: 1. Whether, under the circumstances, the lumber became the property of the defendant. 2. Whether the conversion can be waived and this action maintained as for goods sold and delivered.

The lumber did not become the property of the defendant. There was no delivery of it with the intent to pass the title. Under such a contract the title to the materials prepared by the builder to affix to the freehold does not pass until they are so affixed. This was expressly decided in *Johnson* v. *Hunt*, (11 *Wend.* 135.) See also *Andrews* v. *Durant*, (11 *N. Y.* 40;) *Low* v. *Austin*, (20 *id.* 181.)

Some doubt has been thrown over the question whether, in the case of a wrongful conversion of personal property, the owner can waive the tort and sue the wrongdoer in assumpsit as for goods sold and delivered, where the wrongdoer has not sold but retains the goods, by the *obiter* suggestions of some judges in this state and by some decisions in other states; but we think the better opinion is, that he may do so, at all events, where the wrongdoer has absolutely used the

property for his own benefit, changing its condition and character. On this point Beardsley, Ch. J., in *Osborn* v. *Bell*, (5 *Denio*, 370,) says the authorities are not agreed. The same thing is said by Justice Johnson in *Harpending* v. *Shoemaker*, (37 *Barb.* 291 ;) and Justice Paige says, in *McKnight* v. *Dunlop*, (4 *id.* 36,) this rule seems "to be confined to the case of a sale of the goods by the wrongdoer." On the other hand Judge Cowen says, in *Berly* v. *Taylor*, (5 *Hill*, 577, 583,) "If trover would have lain, it follows that an action for money had and received will lie for the price obtained, or for the value, as goods sold and delivered." In *Butts* v. *Collins*, (13 *Wend.* 154,) Maison, senator, said, in a case where the defendant had not sold the property, that the plaintiff had an election of actions, and could maintain trover or assumpsit, and could recover the value of the flannels under the common counts. Senator Maison was with the minority of the court, on that occasion, but the case was decided on another point. (*See also Putman* v. *Wise*, 1 *Hill*, 234, *and reporter's note; Note 'o Berly* v. *Taylor*, 5 *Hill*, 577 ; *Brady, J., in Chambers* v. *Lewis*, 10 *Abb.* 206 ; *Crippen, J., in Hinds* v. *Tweddle*, 7 *How. Pr.* 281.) In various cases it has been decided that upon a fraudulent purchase of goods, the vendor may repudiate the contract as fraudulent and yet maintain an action for goods sold and delivered, on the ground of his right to waive the tortious taking and bring assumpsit for the value. (*Kayser* v. *Sichel*, 3 *Barb.* 84. *Camp* v. *Pulver*, 5 *id.* 91. *Roth* v. *Palmer*, 27 *id.* 655.) In *Cary* v. *Hotailing*, (1 *Hill*, 311,) Judge Cowen says, at page 315: "It would not lie with the vendee to allege the fraud. He might therefore be charged for the price as a purchaser; whether he shall be so charged or treated as a trespasser lies in the election of the injured party. * * * The vendor may say to the vendee * * * you took the goods from me by means of false representations,

Abbott *v.* Blossom.

and, in a legal sense, without my consent and against my will." In *Young* v. *Marshall*, (8 *Bing.* 43,) Tindal, C. J., says: "No party is bound to sue in tort, where, by converting the action into an action of contract, he does not prejudice the defendant, and, generally speaking, it is more favorable to the defendant that he should be sued in contract, because that form of action lets in a set-off, and enables him to pay money into court." And it may be added, under our law, in the absence of fraud relieves him from the liability to arrest.

The principle upon which this right to waive the tort and sue in assumpsit, rests, as we understand it is, that as a party cannot set up or take advantage of his own wrong, he cannot be permitted to say he is not liable for the value of the goods, or for the money received on the sale of them, for the reason that his act of appropriation was a tort. Of course an action for money had and received will not lie, where neither money nor its equivalent has been received. But we see no reason why the right to waive the tort and maintain assumpsit should not be applicable to the case where the defendant has actually appropriated to his own benefit and used up the plaintiff's goods himself, as where he has sold them to another and received the money, though in the former case the action must be for the goods as sold and delivered and not for money had and received. If these views are correct they lead to a reversal of the judgment.

Judgment reversed and new trial ordered, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]