WILLIAM CASWELL, RESPONDENT, *v.* NATHANIEL D. PUTNAM AND HENRY EARLE, APPELLANTS.

*Conversion — a sale of stock without authority from the owner constitutes a conversion — the owner may sue for damages or to recover the proceeds of the sale — he is not bound by unauthorized acts of his brokers.*

This action was brought to recover the profits realized upon the sale of certain shares of stock of the Union Pacific Railroad, which had been purchased for the plaintiff by the defendants under an order communicated to them by their agent, one Morgan. On July 31, 1883, upon the order of this agent, they sold the shares at an advance. This latter order was given without the knowledge or authority of the plaintiff.

*Held*, that the sale of the shares was, in judgment of law, a conversion which conferred upon the plaintiff a right to bring an action for conversion, or for the proceeds of the sale as he might elect.

After the time of this sale other purchases and sales of stocks were made by the defendants under the direction of Morgan, without the knowledge or authority of the plaintiff, but in his name. In March, 1884, the plaintiff, supposing that the shares of the Union Pacific Railroad were still held by the defendants, directed them to sell the same, whereupon they sold that number of the shares of the stock of that company at a loss, which they charged to the plaintiff and rendered an account of all the dealing in stocks which had been had in his name.

*Held*, that as the plaintiff was in no way privy to the purchases and sales made in his name, without authority from him, he was not bound by them, nor by his order to sell the shares in March, as such order was inoperative, for the reason that the defendants had long since ceased to hold these shares for him.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Wager Swayne*, for the appellants.

*Thomas Thacher*, for the respondent.

DANIELS, J.:

The action was for the amount realized by way of profit on the sale by the defendants, as stockholders, of 100 shares of the stock of the Union Pacific Railroad Company. The shares were purchased by the defendants for the plaintiff, under an order communicated to them by their agent, William G. Morgan. On the 31st day of July, 1883, he ordered them to sell the shares, which they did, obtaining the advance thereby on the cost, which the plaintiff has been adjudged entitled to recover. This order was given without the knowledge or authority of the plaintiff. And the shares being at the time his property, the sale made of them was, in judgment of law, a conversion of the shares, although the defendants made it in good faith, supposing that the plaintiff had authorized it. For any disposition of another's property without his authority or consent, is a conversion of it by the person or persons disposing of it. (*Boyce* v. *Brockway*, 31 N. Y., 490; *Spraights* v. *Hawley*, 39 id., 441.)

By this conversion of the shares the defendants turned the property into money, and to redress the wrong which the defendants were chargeable with, by making this change in the property, the plaintiff had an election of remedies. He could either bring an action for the conversion, or for the proceeds of the shares, as so much money received for his use by the defendants. (*Strong* v. *National Mechanics' Bank*, 45 N. Y., 718; *Abbott* v. *Blossom*, 66 Barb., 353; *Taussig* v. *Hart*, 58 N.Y., 425; *Comstock* v. *Hier*, 73 id., 269.) And the latter seems to have been the course adopted in the action, as the recovery was measured by the amount the plaintiff was entitled to out of the proceeds of the sale.

After the time when this sale took place, other purchases and sales of stock were made by the defendants, under the direction of their agent, Morgan, without the knowledge or authority of the plaintiff, but in his name. And he, in March, 1884, still supposing and believing that the shares he had ordered to be purchased, and which in fact were purchased for him, were held for him by the defendants, directed them to sell the shares, and they did sell that number of Union Pacific shares, in compliance with that direction, charging him with the loss resulting from the sale. They also rendered him an account stating the dealings

in stocks had through them in his name, but which he, with the exception of the sale made on the last day of sale, disaffirmed after the facts came to his knowledge. The defendants have denied his right to do that, insisting that he should either affirm or disaffirm these dealings *in toto*. And authorities have been cited by the learned counsel for the defendants maintaining that to be the law applicable to the dealings of a principal with his agents. But this case is not within that legal rule, for the only dealings had between the plaintiff and defendants was their purchase of the 100 shares of stock for him, which they sold without his authority on the 31st day of July, 1883, and it is wholly out of that dealing and sale that his legal rights and their obligations have arisen. What was afterwards done while it was in his name were not dealings with the plaintiff but with their own agent, who for that purpose fraudulently made use of the plaintiff's name. It was not a wrong which he was in any manner connected with or responsible for, but it was the wrong of the defendants' own agent, perpetrated by him on them, and for the consequences of which he alone is legally liable to indemnify them. The plaintiff was in no way either in fact or law privy to these dealings, and in no way affected by them. The order he gave for the sale of his shares in March was wholly inoperative, for the reason that the defendants had long before that time ceased to hold those shares for him. Their rights and obligations had then become fixed. His right of action had accrued, although it was without his knowledge, and it could not be afterwards divested by his order to sell what had been then disposed of and was beyond the power or control of the defendants, nor by the unauthorized and fraudulent acts of the defendants' own agent, having no power whatever to represent the plaintiff. (*McKnight* v. *Dunlop*, 1 Seld., 537, 544.)

These facts furnished no legal defense to the action and the judgment should be affirmed.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed.