(1 Misc. Rep. 386.)

## CENTRAL GAS & ELECTRIC FIXTURE CO. v. SHERIDAN.

(City Court of Brooklyn, General Term. December 27, 1892.)

FORM OF ACTION—IMPLIED CONTRACT.

A complaint alleged that defendant took possession of "said house and premises, including the goods, wares, and merchandise [chandeliers] of said plaintiff therein; that plaintiff * * * demanded the return of said goods, * * * or that defendant pay plaintiff therefor; that defendant refused to either return said goods to plaintiff, or pay for the same, but" attached electric wires and burners thereto; and "that thereby defendant converted said goods * * * to his own use, and has become and is liable to pay said plaintiff therefor;" and the prayer was for the value of the goods, and labor in hanging the same. Held, that the complaint was on contract, and not in trover.

Appeal from special term.

Action by the Central Gas & Electric Fixture Company against Patrick Sheridan. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Birdseye, Cloyd & Bayliss, for appellant.
J. Stewart Ross, for respondent.

CLEMENT, C. J.   The defendant demurred to the complaint in this action on the ground that two causes of action were improperly united, and at the special term the demurrer was sustained. The sole question to be determined on this appeal is whether the first cause of action sets forth an implied contract, or is for damages for the taking or detention and conversion of chattels. In the complaint it is alleged "that the defendant thereupon took and retained possession of said house and premises, including the goods, wares, and merchandise of said plaintiff therein; that said plaintiff duly notified the said defendant of the matters herein set forth, and demanded the return of said goods, wares, and merchandise, or that defendant pay said plaintiff therefor; that defendant refused to either return said goods to plaintiff, or pay for the same, but, well knowing the matters herein set forth, proceeded to have, and did have, wires and burners, specially constructed for lighting gas by electricity, affixed to said chandeliers and fixtures, and has had said wires connected with an electric battery, all for the purpose of lighting the gas, when turned on in said chandeliers and fixtures, by the use of said electricity from said battery, and through said wires and burners; that thereby said defendant converted said goods, wares, and merchandise to his own use, and has become and is liable to pay said plaintiff therefor." In the complaint, the plaintiff does not seek to recover damages. The prayer for relief is for the value of the goods, and of the work, labor, and service in and about hanging the same. The sole allegation in the complaint which can be claimed to show that the action is in trover is "that thereby the said defendant has converted said goods, wares, and merchandise to his own use;" but this allegation is connected with a subsequent one, which should be interpreted to read that by reason of such conversion the defendant has thereby become and is liable to pay therefor. We are of opinion that the first cause of action in the complaint is on contract. Where there is an ambiguity, whether an action is on contract, or in tort for conversion, it is to be presumed to be based on contract. Goodwin v. Griffis, 88 N. Y. 629, 639. The prayer for relief may be material in the determination of the question. Swart v. Boughton, 35 Hun, 281; Goodwin v. Griffis, supra, 638. In Austin v. Rawdon, 44 N. Y. 63, the cause of action was held to be on an implied contract, though it was charged that a demand had been made for the securities, and that the defendants wrongfully refused to deliver, and had converted them to their own use. In the case of Neftel v. Lightstone, 77 N. Y. 96, the plaintiff set forth that he placed two checks for $1,500 in the hands of the defendant, not to be used except with the consent of

plaintiff; that plaintiff demanded a return of the checks, which the defendant refused, and wrongfully converted the same to his own use; and on the other allegations the court of appeals held that the action was on contract. The right of the plaintiff to waive the tort, and sue on an implied contract, is well settled. Terry v. Munger, 121 N. Y. 161, 24 N. E. Rep. 272; Abbott v. Blossom, 66 Barb. 353. The interlocutory judgment must be reversed, and judgment entered overruling the demurrer, with costs, with leave to the defendant to answer on payment of costs at special and general term.