FRANCIS WIGAND, Survivor, &c., *v.* MAX SICHEL and
SOLOMON SICHEL.

TO SUSTAIN A PLEA IN ABATEMENT. A plea in abatement must give the party a
better writ: it must state precisely the persons who should be made parties.

To sustain such plea, it must appear that there is neither a greater nor less
number of parties than is set up in the plea.

Where parties fraudulently purchased goods upon credit, for which they gave
their promissory note due at a future day, the vendor, discovering the fraud,
may waive the tort, and bring his action immediately for goods sold and
delivered.

Appellant's points and case submitted.

*W. R. Stafford,* for the respondents.

HUNT, J.   This action was brought to recover the amount
of a bill of goods, sold by the plaintiff to the defendants, in
the summer of 1858.   The complaint, as amended, was the
ordinary one for goods sold and delivered.   The defendants
pleaded a non-joinder of George Mann and Adolphus Knorr,
as co-defendants, also that the goods had been purchased on
a credit, which had not yet expired, and that they had given
their promissory notes to the plaintiffs for the amount of the
purchase.   On the trial, the plaintiff proved the sale and
delivery of the goods on a credit of four months, for which
the defendants gave their own promissory notes; the plaint-
iffs also proved that the credit was obtained upon repre-
sentations grossly false and fraudulent; that they had, in
vain, sought the defendants, to offer a return of the notes
before suit commenced; that the defendants fraudulently
concealed themselves, and they produced and offered to can-
cel the notes on the trial.   The plaintiffs recovered at the
Circuit, and the judgment in their favor was affirmed by
the General Term of the first district.

The appellant's points present three grounds of objection,
which I will consider in the order in which they are pre-
sented.   It is claimed that an error was committed in exclud-
ing the proof of certain articles of copartnership, entered

into on the 20th day of April, 1858, between Max Sichel, Solomon Sichel and George Mann. As a part of their answer, the defendants had pleaded, that the supposed promises, in the complaint set forth, if any such were made, were made jointly, with George Mann and Adolphus Knorr, and not by the defendants alone; and they prayed that the plaintiff's action might abate, on account of the non-joinder of said Mann and Knorr. On the trial, the defendants offered in evidence the articles of copartnership mentioned, to sustain this defense in abatement. It was excluded by the judge. A plea in abatement that Knorr and Mann were copartners, and should have been co-defendants, was not sustained by evidence that Mann was such partner. The defendant, by his plea, must give the party a better writ, that is, he must state precisely and truly who were the parties to the contract; and if he fails to do this, his plea fails also. To sustain the plea, it must appear that there is neither a greater nor less number of parties than is set up in the plea. (*Hanks* v. *Murray*, 2 Hill, 200.) The paper was not offered in connection with evidence to prove that Knorr was also a partner; and, indeed, it was explicitly proven by Knorr that he never had been a partner in the business. There was no error in this ruling, and this, independently of the question of the incompetency of written articles to prove the fact alleged.

The defendants afterward offered in evidence a release, signed by Max Sichel and Adolphus Knorr, reciting a former partnership between them, and mutually releasing each from all claims in favor of the other. This paper was signed by John Herts, as a subscribing witness, and the plaintiff objected to its admission, unless proved by the subscribing witness. The law on this point remains unchanged, and the objection was undoubtedly valid. There was no error of the judge in excluding this paper. If admitted, the release could have had no possible effect. It did not recite a partnership of Knorr with Max Sichel and Solomon Sichel, but with Max Sichel alone. This could not have been in reference to the partnership sued, as to which it was admitted, by the

pleadings, that Solomon was a member. 'If it was intended that the paper should connect Knorr as a partner of the firm sued, it could have no such effect, and was quite immaterial.

The last objection, urged by the defendants, is upon the form of the action. The complaint, as amended, was in the ordinary form for goods sold and delivered, and a cause of action was proved, in the manner and of the character I have already stated. The defendants now object that, upon these pleadings, it was error to allow the plaintiffs to prove a fraud, for the purpose of avoiding the contract upon which they had counted.

It is settled, by numerous authorities, that, under the circumstances existing in this case, the plaintiffs were not bound to bring an action for the deceit, or an action of trover or replevin, but could waive the tort and bring assumpsit at once for the value of the goods. (*Roth* v. *Palmer*, 27 Barb., 652; *Mason* v. *Borest*, 1 Denio, 69; *Osborne* v. *Bell*, 5 id., 370; *Kingman* v. *Hotailing*, 25 Wend., 423.)

It is not accurate to say that the plaintiffs sought to avoid the contract of sale. It is the credit, only, that is sought to be avoided. It was a sale of goods which the plaintiffs, by their action, affirmed. It was, however, a sale, where the credit was obtained by fraud, and, in law, amounted to a sale for cash. In stating it in their complaint, therefore, to be a sale, and for cash, the plaintiffs but stated the contract according to its legal effect. They did not seek to avoid the contract of sale. They endeavored, merely, by proof of the act of fraud, to reduce the transaction to a cash sale. The complaint and the proof were to the same purport.

The judgment should be affirmed.

All the judges concurred, except Morgan, J.; Leonard, J., not voting.

Judgment affirmed.