## WEIGAND v. SICHEL.

December, 1866.

Affirming 34 *Barb*. 84.

In an answer alleging a defect of parties, defendant must state precisely and truly who were the parties, and an error wholly vitiates the answer. This is an action for goods sold, an answer that A. and B. were partners with defendant and should have been joined, is not sufficient to admit proof that A. was a partner.

The rule requiring the production of a subscribing witness to prove the execution of an attested instrument is not affected by the Code.

Weigand *v.* Sichel.

Where the making of a contract giving credit is induced by fraud, the creditor may sue upon the implied agreement founded on the consideration of the contract, and may prove the fraud under the ordinary complaint for goods sold, &c., for the purpose of avoiding the stipulation as to credit.

Henry L. Kayzer and Francis Weigand (the former of whom died pending the suit) sued Max and Solomon Sichel, in the supreme court, to recover the amount of a bill of goods sold by the plaintiffs to the defendants, in the summer of 1858. The original complaint contained two counts, one for goods sold, the other for the value of the same goods obtained by fraud and converted. The court ordered the plaintiffs to elect between these counts, and they amended by striking out the latter count. The complaint, as amended, was the ordinary one for goods sold and delivered.

The defendants pleaded a non-joinder of George Mann and Adolphus Knorr, as codefendants, also, that the goods had been purchased on a credit, which had not yet expired, and that they had given their promissory notes to the plaintiffs for the amount of the purchase. On the trial, the plaintiffs proved the sale and delivery of the goods on a credit of four months, for which the defendants gave their own promissory notes ; the plaintiffs also proved that the credit was obtained upon representations grossly false and fraudulent; that they had, in vain, sought the defendants, to offer a return of the notes before suit commenced; and that the defendants fraudulently concealed themselves, and they produced and offered to cancel the notes on the trial. The plaintiffs recovered at the circuit.

*The supreme court* held that under an allegation that two persons were partners with the defendants, articles of copartnership showing that one of them was, were inadmissible. That the rule requiring the production of subscribing witnesses is not modified by the Code; and that on the authority of Roth *v.* Palmer, 27 *Barb.* 652, plaintiffs might disregard the express agreement for a credit and recover immediately on the implied agreement. Reported in 34 *Barb.* 84.

*S. L. Hull* and *E. W. Dodge*, for defendants, appellants ;—That the articles were admissible, cited, Halliday *v.* McDougall, 22

IV.—38

*Wend.* 267, 276; that under the complaint as amended, fraud could not be proved, Lane *v.* Beam, 19 *Barb.* 51; Andrews *v.* Bond, 16 *Id.* 642; Sellar *v.* Sage, 12 *How. Pr.* 531.

*William C. Stafford,* for plaintiffs, respondents;—cited, Osborn *v.* Bell, 5 *Den.* 370; Kingman *v.* Hotailing, 25 *Wend.* 423; Masson *v.* Bovet, 1 *Den.* 69; Roth *v.* Palmer, 27 *Barb.* 652; Pierce *v.* Drake, 15 *Johns.* 475; Monroe *v.* Hoff, 5 *Den.* 360; Corlies *v.* Gardner, 2 *Hall,* 345; Adams *v.* Mayor, &c. of N. Y. 4 *Duer,* 305; Wolfe *v.* Hawes, 24 *Barb.* 174; Esselstyn *v.* Weeks, 12 *N. Y.* (2 *Kern.*) 635; Gilbert *v.* Cram, 12 *How. Pr.* 455; Fisher *v.* Conant, 3 *E. D. Smith,* 199; *Code,* § 173, and cases cited in Voorhies' ed.; Hawks *v.* Munger, 2 *Hill,* 200.

By the Court.—Hunt, J. [After stating the facts.]—The appellants' points present three grounds of objection, which I will consider in the order in which they are presented. It is claimed that an error was committed in excluding the proof of certain articles of copartnership, entered into on April 20, 1858, between Max Sichel, Solomon Sichel and George Mann. As a part of their answer, the defendants had pleaded, that the supposed promises, in the complaint set forth, if any such were made, were made jointly, with George Mann and Adolphus Knorr, and not by the defendants alone; and they prayed that the plaintiffs' action might abate, on account of the non-joinder of said Mann and Knorr. On the trial, the defendants offered in evidence the articles of copartnership mentioned, to sustain this defense in abatement. It was excluded by the judge. A plea in abatement that Knorr and Mann were copartners, and should have been codefendants, was not sustained by evidence that Mann was such partner. The defendant, by his plea, must give the party a better writ, that is, he must state precisely and truly who were the parties to the contract; and if he fails to do this, his plea fails also. To sustain the plea, it must appear that there is neither a greater nor less number of parties than is set up in the plea. Hawks *v.* Munger, 2 *Hill,* 200. The paper was not offered in connection with evidence to prove that Knorr was also a partner; and, indeed, it

was explicitly proven by Knorr that he never had been a partner in the business. There was no error in this ruling, and this, independently of the question of the incompetency of written articles to prove the fact alleged.

The defendants afterward offered in evidence a release, signed by Max Sichel and Adolphus Knorr, reciting a former partnership between them, and mutually releasing each from all claims in favor of the other. This paper was signed by John Herts, as a subscribing witness, and the plaintiffs objected to its admission, unless proved by the subscribing witness. The law on this point remains unchanged, and the objection was undoubtedly valid. There was no error of the judge in excluding this paper. If admitted, the release could have had no possible effect. It did not relate a partnership of Knorr with Max Sichel and Solomon Sichel, but with Max Sichel alone. This could not have been in reference to the partnership sued, as to which it was admitted, by the pleadings that Solomon was a member. If it was intended that the paper should connect Knorr as a partner of the firm sued, it could have no such effect, and was quite immaterial.

The last objection, urged by the defendants, is upon the form of the action. The complaint, as amended, was in the ordinary form for goods sold and delivered, and a cause of action was proved, in the manner and of the character I have already stated. The defendants now object that, upon these pleadings, it was error to allow the plaintiffs to prove a fraud, for the purpose of avoiding the contract upon which they had counted.

It is settled by numerous authorities, that, under the circumstances existing in this case, the plaintiffs were not bound to bring an action for the deceit, or an action of trover or replevin, but could waive the tort and bring assumpsit at once for the value of the goods. Roth v. Palmer, 27 *Barb.* 652; Masson v. Bovet, 1 *Denio,* 69; Osborne v. Bell, 5 *Id.* 370 ; Kingman v. Hotailing, 25 *Wend.* 423.

It is not accurate to say that the plaintiffs sought to avoid the contract of sale. It is the credit, only, that is sought to be avoided. It was the sale of goods which the plaintiffs, by their action affirmed. It was, however, a sale where the credit was obtained by fraud, and, in law, amounted to a sale for cash.

In stating it in their complaint, therefore, to be a sale, and for cash, the plaintiffs but stated the contract according to its legal effect. They did not seek to avoid the contract of sale. They endeavored, merely, by proof of the act of fraud, to reduce the transaction to a cash sale. The complaint and the proof were to the same purport.

The judgment should be affirmed.

A majority of the judges concurred.

Judgment affirmed, with costs.