HORACE B. CLAFLIN and others, Appellants, *v.* JOSEPH S. TAUSSIG and others, Respondents.

*Fraud — credit obtained by — Pleading — anticipating defense.*

In an action for goods sold and delivered, when the answer sets up that notes were given in payment of the debt, and that the notes were not yet due, *held*, that it could be shown on the trial that the credit granted by accepting the notes was obtained by fraud, and that the plaintiffs were not bound to anticipate the defense, and allege in the complaint the fraudulent character of the extended credit.

Appeal from a judgment rendered at the New York Circuit.

This action was brought to recover for goods sold and delivered. The defendants admitted the purchase, and alleged in their answer, that they had given their notes, three in number, in settlement of the account; that one of the notes had been paid, and that the

others were not yet due. On the trial the plaintiffs offered to prove that the notes had been received upon fraudulent representations, but the evidence was excluded on the ground that no allegations of fraud were charged in the complaint. The complaint was thereupon dismissed, except as to an amount admitted to be due, on the ground that at the time the action was commenced the plaintiffs had received payment of their claim by the notes.

*William F. Macrae*, for the appellants. The notes having been taken on the fraudulent representation of defendants, could not be set up as a defense on the ground that they were not due. (*French* v. *White*, 5 Duer, 254; *Kayser* v. *Sichel*, 34 Barb., 84.) The theory and ruling of the court, that the complaint should have alleged fraud in order to defeat the defense interposed, was erroneous. (*Wigand* v. *Sichel*, 3 Keyes, 120; *Elwood* v. *Gardner*, 45 N. Y., 352.) The plaintiffs' surrender of the notes on the trial, was all that was necessary, in disaffirmance of the extension implied in the notes. (*Kayser* v. *Sichel*, 34 Barb., 89; *Nichols* v. *Pinner*, 18 N. Y., 312; *Nichols* v. *Michael*, 23 id., 264; *Pequeano* v. *Taylor*, 38 Barb., 375.) The indebtedness being all due at the time the notes were taken, there was no valid consideration for the extension of payment. (*Miller* v. *Holbrook*, 1 Wend., 317; *Fairchild* v. *Warren*, 21 How., 187; *Kellogg* v. *Olmstead*, 25 N. Y., 189.)

*Blumenstiel & Ascher*, for the respondents.

BRADY, J.:

This action was brought to recover for goods sold and delivered. The answer was that three promissory notes were given in payment, two of which had not matured at the time the action was commenced. Upon the trial the notes were presented and an offer made to cancel them, on the ground that they were received by the plaintiffs in part settlement of the indebtedness sued upon, on the fraudulent representations of the defendants. The plaintiffs' counsel then put in evidence the affidavits and order on file denying the motion to vacate the order of arrest granted herein. When the defendants rested, after having shown that the notes were given as stated, and that the sum of $16.62 was paid for interest upon them

the plaintiffs proved that the credit upon which the goods were sold had expired at the time the notes were given, and that the accounts were then due. The plaintiffs then offered to show that the further credit granted by accepting the notes, was obtained by fraudulent representations of the defendants as to their solvency. This offer was rejected on the defendants' objection, and it seems upon the ground that there were no allegations of fraud in the complaint. The plaintiffs duly excepted. The ruling thus made, was erroneous. The agreement to extend was like any other agreement — a release or discharge, for example — which could be assailed for fraud when presented as a defense. The plaintiffs were not bound to anticipate the answer that the notes were not due, by averring that they were accepted by reason of fraudulent representations made to them. They had the right to treat the agreement to extend the time of payment, assuming it to have been founded on a good consideration, thus tainted, as of no validity, and the debt therefore due, which they did. When the defense disclosed the agreement, they were not bound by the rules of pleading, to give notice that they would assail it on the trial. It was the duty of the defendants to approach the investigation, prepared to sustain the agreement, if necessary, by evidence showing its binding force. The plaintiffs' counsel did, however, when the notes were surrendered to be canceled, state the reason of the proceeding in that respect, and did then notify the defendants of the attitude they meant to assume in regard to them. The notes having been proved as an agreement to extend, the response was legitimate, that they were accepted by reason of fraudulent representations, and therefore valueless for the purpose for which they were created. The following cases establish the rules thus declared : *Roth* v. *Palmer,* 27 Barb., 652 ; *Kayser* v. *Sichel,* 34 id., 89 ; *Wygand* v. *Sichel,* 3 Keyes, 120 ; *Bliss* v. *Cottle,* 32 Barb., 322.)

These cases declare it to be unnecessary when a sale is influenced by fraudulent representations, even if marked by a credit which has not expired, to allege the fraud in the complaint. The presence of that element destroys the credit at the option of the seller, makes the debt due immediately if he so elect, and enables him at once to sue for its recovery upon an allegation of goods sold and delivered. His proof of it successfully meets and overcomes the

defense of a credit unexpired. The plaintiffs were not obliged to allege the fraud, therefore, in the first instance, because it was not necessary to maintain their action. It was only requisite to prove it by way of avoidance.

It is only necessary to say, further, that the cancellation of the notes was sufficient without the return of the sixteen dollars and sixty-two cents paid, because the defendants were indebted to the plaintiffs more than that sum, exclusive of the notes, but independently of that view it appears that no objection was made of the insufficiency of the offer at the trial on account of the non-payment of the sum named, and it cannot be urged on appeal. The defendants took the broad ground that the debt on the notes was not due, and the alleged fraud was not admissible, because it was not averred in the complaint. It may be doubtful whether the agreement to extend the time of payment was valid because of the seeming absence of any consideration therefor, but the plaintiffs did not rest upon that on the trial, and it is not deemed necessary to consider the question now. It is enough that the rulings were such as to demand a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to abide event.

DANIELS, J., concurred.

DAVIS, P. J. I concur, but not in the suggestion of a doubt that the notes, if there had been no fraud, would not have operated as an extension of the time of payment of the debt, on the ground of want of consideration.

Judgment reversed, new trial ordered, costs to abide event.