WILLIAM H. CROSSMAN et al., Appellants, *v.* THE UNIVERSAL RUBBER COMPANY of New York, Respondent.

The rule prohibiting a party, who has adopted and pursued one of two remedies, from afterwards availing himself of the other, is limited to cases where the two remedies are inconsistent.

Where, therefore, in an action upon one of several promissory notes given by the maker for the purchase-price of certain property, it appeared that, prior to the maturity of any of the notes, the vendors had commenced an action and a proceeding in another state, both in the nature of proceedings *in rem*, in which they alleged that the sale was induced by fraudulent representations on the part of the vendee, and, wherein, they sought, not to rescind or avoid the contract of sale, but to recover the purchase-price, claiming to be relieved from the credit given because of the fraud, *held*, that a defense to the action could not effectually rest upon the doctrine of election of remedies, as there was no inconsistency between the remedies sought, the purpose of all being simply to recover the contract price for the goods sold; but *held*, that the pendency of the other proceedings presumptively operated by way of abatement of the present action, as otherwise plaintiffs might have the means of twice collecting the same debt; that plaintiffs, however, might show that such proceedings had been discontinued, or that neither of them was effectual to procure any fund to apply upon their claim, or to satisfy it entirely.

Plaintiffs offered to prove facts showing that the results of the proceedings in the other state were such that nothing had been or could be realized by them therefrom; this evidence was excluded. *Held*, error.

*Crossman v. U. R. Co.* (25 J. & S. 459), reversed.

(Argued April 6, 1891; decided April 21, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 6, 1890, which denied a motion for a new trial and ordered a judgment in favor of defendant upon a verdict directed by the court.

The plaintiffs, partners doing business in the firm name of W. H. Crossman & Bro., in the city of New York, about the 1st of May, 1888, sold and delivered to the defendant, a corporation of the state of New York, a quantity of goods at the price of $9,309, for which the defendant gave them its three promissory notes of May 5, 1888, payable to the order of the plaintiffs. This action was brought upon the one of them

made for $3,166.61, payable at four months.   The .defense alleged is, that before any of the notes matured, the plaintiffs, by bill in Chancery in the state of New Jersey and by attachment in the Supreme Court of that state, had taken proceedings founded upon alleged fraud in the purchase by the defendant; and that by so doing the plaintiffs had made an election of remedy inconsistent with that of this action.   The trial court held that such defense was established, and directed a verdict for the defendant.   Upon that subject it appears that the defendant was engaged in business in New Jersey, and that, on the 1st of August, 1888, the plaintiffs instituted a proceeding by attachment in the Supreme Court of that state against the property of the defendant, and that, a few days after, the plaintiffs filed a bill in Chancery in that state against the defendant as an insolvent corporation, alleging its insolvency and its indebtedness to the plaintiffs for goods obtained from them; and that the delivery of the goods to it was brought about by fraud in that the president of the defendant represented to the plaintiffs that the company was perfectly solvent, by which the plaintiffs were induced to deliver the goods and take the promissory notes, which they "bring into court and tender themselves willing to surrender under the direction of the court;" that such representations were untrue, as the corporation was then insolvent and known by such president to be so.   And added that they "repudiate the contract and would take back the materials delivered, if it were possible to do so;" and the prayer for relief was that a receiver be appointed and injunction issue.   A receiver was appointed, whose duty it was to take possession of all the property of the defendant in the state of New Jersey, with a view to the ultimate distribution of the proceeds amongst its creditors, as provided by the statute of that state relating to proceedings against insolvent corporations.   The defendant did not answer the bill.

*Carlisle Norwood, Jr.*, for appellants.   There was not in the present case a prior election of rights by the plaintiffs, which

precluded their recovery in the form of action herein adopted. (*Fowler* v. *B. S. Bank*, 113 N. Y. 450 ; 103 id. 27 ; *E. C. F. Co.* v. *Hersee*, 33 Hun, 177 ; *Weigand* v. *Sichel*, 4 Abb. Ct. App. Dec. 592.)

*Benjamin Estes*, for respondent. The plaintiffs have elected their remedy in the actions in New Jersey. They have disaffirmed and repudiated the notes over there and got their remedy, and now seek to affirm what they entirely disaffirm in the other actions. This they cannot do. (*Terry* v. *Munger*, 121 N. Y. 267 ; *Conrow* v. *Little*, 115 id. 387, 393, 394 ; *Morris* v. *Rexford*, 18 id. 556, 557 ; *Moller* v. *Tuska*, 87 id. 166, 169 ; *Rodermund* v. *Clark*, 46 id. 357 ; *Kennedy* v. *Thorp*, 51 id. 176 ; *Embree* v. *Hanna*, 5 Johns. 101 ; *Bach* v. *Tuch*, 47 Hun, 536.) A general averment as to the law in another state is sufficient. (*Barclay* v. *Q. M. Co.*, 6 Lans. 32 ; *Halstead* v. *Black*, 17 Abb. Pr. 227 ; *Roborge* v. *C. V. R. R. Co.*, 18 Abb. [N. C.] 367 ; Code Civ. Pro. § 546 ; *Kipp* v. *McKeon*, 2 Civ. Pro. Rep. 166.) The records offered by defendant were properly admitted. (1 Greenl. on Ev. [13th ed.] §§ 501–508 ; *Foster* v. *Trull*, 12 Johns. 456 ; *Sutton* v. *Village*, 3 Barb. 529 ; *Peck* v. *Farington*, 9 Wend. 44 ; *People* v. *Denison*, 17 id. 312 ; *Jackson* v. *Howard*, 11 Johns. 434.) The plaintiffs' counsel did not, at the conclusion of the evidence, and before or at the time the court ordered a verdict for the defendant, nor at any time, ask the court to submit the case, or any questions in the case, to the jury, and cannot, therefore, claim that an error was committed in taking any question of fact from the jury. (*Leggett* v. *Hyde*, 58 N. Y. 275 ; *Stratford* v. *Jones*, 97 id. 589 ; *Dillon* v. *Cockcroft*, 90 id. 649 ; *Ormes* v. *Dauchy*, 82 id. 443 ; *Johnston* v. *Trask*, 40 Hun, 415, 417 ; *Mayor, etc.,* v. *Sands*, 39 id. 519 ; *Prevost* v. *McEncroe*, 102 N. Y. 650 ; 52 id. 118.)

BRADLEY, J. The question arises whether the proceedings taken by the plaintiffs in the courts of New Jersey constituted an election of remedy inconsistent with that which they seek

to enforce by this action upon the note taken by them for a portion of the consideration of the sale of the goods, which was the subject of those proceedings in that state. Those proceedings were taken there with a view to the collection of the purchase-price of the goods sold, and such price is represented by the notes. The rule is well settled that when a party has elected to adopt and has pursued one of two inconsistent remedies he is not permitted to afterwards avail himself of the other. In Comyn's Digest " Election " it is said : " If a man once determines his election it shall be determined forever; as if an obligation delivered to the use of A. be refused when he is first informed of it, he cannot afterwards accept it." And the same author adds : " But where an election is of several remedies, if he chooses one, he may afterwards have the other in personal cases, as where he has election of several actions.". It is the inconsistency of the remedy sought with that he has before adopted and pursued which determines the right of a party as between them. And this, as the consequence, is founded upon the principle that the other party may otherwise be in some manner prejudiced in respect to a defense or cause of action by the abandonment of the one and resort to the other of such remedies. But whether or not that is the effect is not the subject of inquiry. In the case where a party may resort either to an action upon contract or in tort, the election between them concludes him. And the question has more frequently arisen where a purchase of property is obtained by fraud. Then after the seller has elected to rescind the sale and has proceeded for the purpose of recovery of the property or for its conversion, he denies to himself the right to abandon that remedy and seek to recover in affirmance of the sale ; and the effect is the same when his election is effectually made to prosecute for recovery of the purchase-money with knowledge of the fraud. He then has lost his right to rescind the sale and reclaim the property. (*Moller* v. *Taska*, 87 N. Y. 166 ; *Conrow* v. *Little*, 115 id. 387 ; *Terry* v. *Munger*, 121 id. 162.) And the same rule is applicable to other cases where there are two existing and sub-

stantially inconsistent remedies. Then the adoption and pursuit of one of them excludes from the party the benefit of the other. (*Rodermund* v. *Clark*, 46 N. Y. 354; *Fowler* v. *Bowery Savings Bank*, 113 id. 450; *Kennedy* v. *Thorp*, 51 id. 357; *Littlefield* v. *Brown*, 1 Wend. 398.) But that incompatibility is not applicable to the present case. The attachment proceeding in New Jersey was instituted and had in affirmance of the sale of the goods, to collect the purchase money. And the purpose of the suit in chancery there was the same. Neither was founded upon recission of the contract of sale. Pursuant to the statute of that state under which the bill was filed providing for proceedings by creditors of insolvent corporations, domestic and foreign, the plaintiffs filed their bill and caused the appointment of a receiver of the property of the insolvent defendant. It is true that in the bill they alleged fraud on the part of the defendant in making the purchase, and offered to surrender the notes under the direction of the court. But reference must be had to the nature of the bill, in view of its purpose and of the statute under which it was filed, to determine the character of the suit. It is seen that it was founded upon the debt arising out of the sale and purchase of the goods, and instituted to collect the purchase money. The consideration of the sale was what the plaintiffs sought to recover, and the attachment proceeding and the chancery suit were in the nature of proceedings *in rem* for that purpose. It cannot, therefore, properly be said that the plaintiffs sought to or did avoid the contract of sale, but that they did, for the purpose of an earlier remedy to obtain the purchase-money, seek by reason of the alleged fraud to be relieved from the credit given. This did not have the effect to otherwise impair the contract of sale. (*Weigand* v. *Sichel*, 4 Abb. Ct. App. Dec. 595; 3 Keyes, 120.) In the suit and proceedings there, as in the action here, the purpose was to recover or collect the price for which the goods were sold. So far there is no inconsistency of remedy. The credit was there sought to be repudiated for the fraud because the stipulated time of payment had not then expired. This action was

brought after the expiration of that time, and is founded upon the promise of the defendant furnished by its note to pay such amount of the purchase-money.  The giving of the notes was not a payment, but their apparent effect was a suspension of the right of action to recover it.  If the plaintiffs had recovered in assumpsit upon the implied promise to pay for the goods, the amount of the purchase-price, they would have been required to surrender the notes.  But this they did not do, and they still hold the note in question.  In effect it is an express promise to pay so much of the purchase-money.  It is not seen how the remedy by this action is inconsistent with that founded upon the implied promise to pay for the goods; the practical effect is the same, and both proceed upon the affirmance of the sale.  While the action upon the note is not consistent with the repudiation and proceeding in disregard of the credit in the courts of New Jersey, the incompatibility in practical effect had relation to the time of application of remedy and not substantially to its nature or purpose.  The conclusion follows that the defense cannot effectually rest upon the doctrine of election of remedies, as those pursued in the New Jersey courts were not inconsistent in their purpose and effect with that of this action.  But relief from that defense does not necessarily enable the plaintiffs to recover here.  When it appeared, as alleged, that the plaintiffs had taken the proceedings by attachment and in the chancery suit in that state, their pendency there, presumptively operated by way of abatement of the present action, else the plaintiffs may have had the means of twice collecting the same debt against the defendant.  (*Embree* v. *Hanna*, 5 John. 101.)  The plaintiffs, however, if the facts permitted, may have shown that those proceedings had been discontinued or, as they did not charge the defendant personally with the debt, that neither of them was effectual to produce any fund to apply upon their claim, or that they could be productive of a sum applicable to it, sufficient partially only, and to what extent to satisfy it.  The plaintiffs offered to prove that the attachment proceeding had been discontinued, also offered evidence in relation to proceed-

ings founded upon the chancery suit with the view, as claimed, of making it appear that nothing had been or could by them, as creditors of the defendant, be realized by such proceedings, and that such suit was unproductive through the action of the receiver for such purpose. Those facts were essentially important, and if permitted to prove them, it must, for the purposes of the question here, be assumed that they would have been shown by evidence legitimate for that purpose. The exclusion of the evidence so offered was error, and for that reason the judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.