(53 Misc. Rep. 82)

PRATT, HURST & CO., Limited, v. TAILER.

(Supreme Court, Special Term, New York County.   February, 1907.)

ELECTION OF REMEDIES—NECESSITY—LANDLORD AND TENANT—INJURY TO TENANT'S PROPERTY.

In an action by a tenant against the landlord for damages caused by leaks in the roof of the building rented, plaintiff's allegation that defendant had expressly agreed to protect plaintiff from such damages is not such an election to sue on the contract that a judgment dismissing such complaint is a bar to an action in tort for the damages; the right of recovery on the special contract not being inconsistent with a right to recovery on a breach of the landlord's common-law duty not to interfere with plaintiff's peaceable possession.

Action by Pratt, Hurst & Co., Limited, against Edward N. Tailer. Demurrer to answer sustained.

See 100 N. Y. Supp. 16.

Morgan T. Mitchell, for plaintiff.

Winston H. Hazen, for defendant.

BLANCHARD, J.  The complaint alleges that by a written lease the plaintiff became the tenant of certain premises owned by the defendants, its lessors, and entered into occupation thereof; that subsequently the defendants permitted certain third parties to install apparatus upon the roof of said premises; that by reason of the unworkmanlike manner in which that apparatus was installed the roof of said premises was injured, and by reason thereof the plaintiff's goods were damaged by leaks in the roof.  The complaint prays for damages as a result of said leakage.  The defendants' answer to the complaint sets up that in a former action brought by the plaintiffs to recover damages caused by the same leakage the complaint was dismissed by the court, and that said former action constituted an election to sue upon contract and not upon tort, and that said judgment was a bar to the present action.

The judgment roll annexed to the answer of the defendants shows that in the former action the plaintiff's complaint differed from the complaint in the present action, in that it contained a paragraph alleging specifically that the defendants would keep the roof of said premises in repair.  Since the complaint in the former action was merely dismissed, it is clear that the plaintiff is entitled to prosecute an action for recovery of damages by reason of the same injuries upon a different complaint.  The defendants' contention that the prosecution of the former action was an election by the plaintiffs to sue upon a contract, rather than upon a tort, is untenable.  The mere circumstance that in the former complaint an allegation was inserted that the defendants had expressly agreed to protect the plaintiff against the damages which occurred by reason of leakage is not inconsistent with the common-law liability of the defendants as landlords to protect the plaintiffs in the quiet and peaceable enjoyment of the premises.  The plaintiffs might well prosecute their action on one or the other of these liabilities, or upon both.  A party cannot be estopped from prosecuting his action unless he has elected to proceed upon a theory entirely inconsistent with the one which later he endeavors to proceed upon.  Within the rule of Crossman v. Universal Rubber Co., 127 N. Y. 34, 37, 27 N. E. 400, 13 L. R. A. 91, the plaintiffs herein are not barred from prosecuting their action upon the present complaint.

The demurrer is therefore sustained.

Demurrer sustained.