## VILLAGE OF ALEXANDRIA *v.* STABLER.

*(Circuit Court of Appeals, Eighth Circuit.   May 16, 1892.)*

### No. 51.

**1. APPEALABLE ORDERS—NEW TRIALS.**
  A ruling either way on a motion for new trial cannot be assigned for error. *McClellan* v. *Pyeatt,* 50 Fed. Rep. 686, followed.

**2. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.**
  The sufficiency of the evidence to support the verdict cannot be considered by the reviewing court where the complaining party not only neglected to ask a peremptory instruction for a verdict at the close of the whole evidence, but, without objection, permitted the court to charge the jury, upon the assumption that the case was one proper to be thus submitted. *Railroad Co.* v. *Hawthorne,* 12 Sup. Ct. Rep. 591, 144 U. S. 202, and *Insurance Co.* v. *Unsell,* 12 Sup. Ct. Rep. 671, 144 U. S. 439, followed.

In Error to the Circuit Court of the United States, Northern District of Minnesota.

Action by Charles Stabler against the village of Alexandria, Douglas county, Minn., for personal injuries. Verdict and judgment for plaintiff. Defendant brings error. Affirmed.

*Charles C. Willson* and *H. Jenkins,* for plaintiff in error.

*George H. Reynolds,* for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge. This action was brought against the village of Alexandria, Minn., to recover damages for a personal injury received by the plaintiff from falling in the nighttime on a slippery sidewalk, upon which it was alleged the defendant had negligently permitted snow and ice to accumulate. There was a jury trial and a verdict and judgment for the plaintiff, and the defendant sued out this writ of error. No exceptions were taken to the ruling of the court in the course of the trial, or to the instructions to the jury. The defendant moved the court to set aside the verdict and grant a new trial, upon the ground, among others, that the evidence was not sufficient to sustain the verdict, which motion was overruled, to which ruling the defendant excepted.

The counsel for the plaintiff in error states in his brief that "the sole error relied upon is that the evidence is not sufficient to sustain the verdict." If the defendant below desired to test, on writ of error in this court, the sufficiency of the evidence to sustain the verdict, it should have asked at the close of the whole evidence a peremptory instruction for a verdict in its behalf. *Railroad Co.* v. *Hawthorne,* 144 U. S. 202, 12 Sup. Ct. Rep. 591. It did not do this, but without objection permitted the court to charge the jury, upon the assumption that the case, upon the evidence, was one proper to be submitted to the jury. It is

true the sufficiency of the evidence to support the verdict might still be challenged in the court below by a motion to set aside the verdict and grant a new trial, but that motion only served to bring the grounds of it to the attention of that court; and its rulings thereon, one way or the other, cannot be assigned for error. *McClellan* v. *Pyeatt*, 50 Fed. Rep. 686, (at the present term.)

The case of *Insurance Co.* v. *Unsell*, 144 U. S. 439, 12 Sup. Ct. Rep. 671, the record in which we have consulted, shows there was a motion for a new trial upon the ground, among others, that the evidence was not sufficient to sustain the verdict, but there was no request for a peremptory instruction for a verdict for the defendant. The court, after stating that the only ground for serious doubt in respect of the case was whether the evidence was sufficient, in any view of it, to sustain the only theory of fact upon which the plaintiff could recover, "and whether, if the court had given a peremptory instruction to find for the defendant, the verdict and judgment would have been disturbed," say:

"But we need not consider the case in those aspects, for the defendant assumed that it would be submitted to the jury, and asked instructions touching the several points on which it relied. It did not ask a peremptory instruction for a verdict in its behalf. It cannot, therefore, be a ground of reversal that the issues of fact were submitted to the jury."

Judgment affirmed.