LOVE H. JAMESON v. OMAR L. KENT.

FILED NOVEMBER 7, 1894. No. 4797.

1. **Replevin: JUDGMENT: HARMLESS ERROR.** A defendant in replevin, where the issues are found in his favor, that he had the right of possession merely of the property in controversy at the commencement of the action, and that the property cannot be returned, is entitled to a judgment for the value of such possession, together with damages for withholding the property; but in such case the failure to find the value of the defendant's right of possession, or to render judgment for the same, is not an error of which the plaintiff can complain.

2. **Evidence: DAMAGES.** A party cannot testify as to his opinion of the amount of his damages, but the facts upon which the court or jury can make such estimates are to be given.

3. **Replevin: BUILDINGS: DAMAGES.** In an action of replevin for

a building, injury to personal property therein occasioned by the removal of the building cannot be recovered by the defendant as an element of damage.

4. ———: EVIDENCE: ESTOPPEL. The evidence in the case *held* not to sustain the findings and judgment.

ERROR from the district court of Saline county. Tried below before MORRIS, J.

*L. W. Colby* and *L. M. Pemberton,* for plaintiff in error.

*Hastings & McGintie, contra.*

NORVAL, C. J..

This is a suit in replevin, brought by the plaintiff in error for the possession of a frame barn. There was a trial to the court, and the following findings were made in the cause: "The court finds, on the issues joined, for the defendant, and finds that the defendant was entitled at the commencement of this action to possession of the property in controversy herein, and the court assesses the damages of the defendant at the sum of one hundred and thirty-five dollars, and the court finds the value of the property replevied to be the sum of eighty dollars. The court further finds that the property has passed out of the possession of the plaintiff, and cannot be returned." Plaintiff filed a motion for a new trial, which was overruled, and thereupon judgment was rendered on the findings as follows: "It is therefore considered by the court that the defendant, Omar L. Kent, have and recover of and from the plaintiff, Love H. Jameson, the sum of one hundred and thirty-five dollars, his damages so as aforesaid assessed, and his costs herein expended." The proceedings are brought to this court for review by plaintiff.

It is alleged that the judgment pronounced is erroneous and contrary to the statute relating to actions in replevin. Sections 191 and 191*a* of the Code of Civil Procedure read as follows:

"Sec. 191. In all cases, when the property has been delivered to the plaintiff, where the jury shall find, upon issue joined, for the defendant, they shall also find whether the defendant had the right of property or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall assess such damages as they think right and proper for the defendant; for which, with costs of suit, the court shall render judgment for the defendant.

"Sec. 191a. The judgment in the cases mentioned in sections one hundred and ninety and one hundred and ninety-one, and in section one thousand and forty-one of said code, shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit."

Under the foregoing sections where, in an action of replevin, the property has been delivered to the plaintiff and a return thereof cannot be had, the defendant, if successful in the suit, is entitled to a judgment for the value of the property, or the value of his right of possession of the same, together with legal interest thereon from the date of the unlawful taking, and damages for withholding the property. In this case the defendant makes no claim of ownership in the barn, but insists that he is entitled to the possession of the same. It will be observed that the trial court found the defendant had the right of possession only at the commencement of the suit; but it failed to assess the value of such possession. The court, therefore, could not, and did not, render judgment in any amount for the value of the right of possession. We fail to discover in what manner the plaintiff was prejudiced by the failure to render a judgment against him for the value of the defendant's right of possession of the property. The error was in his favor. Kent is in no position to complain, since he introduced no evidence as to the value of his right of possession of the barn.

Another ground urged for reversal is that the findings and judgment are not sustained by sufficient evidence. It appears that the barn in controversy was formerly owned by one Jefferys, who in May, 1889, sold it to one F. F. Nichols, granting the latter the privilege of allowing the building to remain on the lot, but to be moved therefrom inside of a year. About the 20th day of February, 1890, Nichols sold the barn to the plaintiff, Love H. Jameson. Prior to said date, the defendant, Omar L. Kent, by permission of Nichols, stored in said building nine tons of broom corn then owned by him, which remained in the building up to the time this action was brought. Nichols, during said period, kept some grain in a bin in said barn. At the time permission was given to store the broom corn it was not specified how long it was to remain; but it was then stated by Nichols that he wanted to sell the barn, and should he do so he expected the broom corn to be moved at once. Prior to the sale to plaintiff, Nichols saw Kent and notified him he desired the barn, as he was about to sell it, and requested that the broom corn be taken away so that Jameson could move the barn the following Friday. The defendant replied, "I will not promise to move the broom corn on that day, but will move it the first part of the coming week." Both before and at the time plaintiff purchased the building he informed Kent of his intention to buy, and that he should want possession in a week or two, as he intended to move the building off the lot. To this Kent said: "All right; buy it, and I will get the broom corn out and give possession in a few days." This conversation is undisputed by defendant. On the strength of the above assurance plaintiff bought the property, and the defendant having failed to vacate as agreed, plaintiff, on March 24, 1890, replevied the barn and moved the same from the lot on which it was standing. There is some evidence, although not of the most convincing character, to the effect that the understanding between Nichols

and the defendant was that the latter was to have posses-
sion of the building until May 1, 1890.    This is positively
denied by Nichols; but considering the arrangement be-
tween defendant and Nichols was that the former was to
have the right to the use of the building until May 1,
1890, still Kent was not entitled to such possession at the
commencement of this action as against the plaintiff, inas-
much as Kent had promised Jameson, prior to the latter's
purchase, that he would move the broom corn and give
possession of the barn in a few days.    He thereby estopped
himself to claim the right of possession of the barn.
Kent never paid rent, nor did he agree so to do with either
Nichols or the plaintiff.    As an accommodation merely he
was permitted to store his broom corn in the barn.

We think the court erred in the assessment of damages.
The evidence shows that the officer in executing the writ
of replevin did not in any manner interfere with the broom
corn which was then in the barn, but that the building was
removed from the lot on which it was standing, thereby
leaving the broom corn exposed after such removal.    The
defendant insists, and on the trial he was permitted to prove,
that the day the barn was taken away he went to town
to see a doctor and on returning home the constable met the
defendant and informed him that he had moved the build-
ing; that the same evening defendant had his sons procure a
quantity of boards from a lumber yard and cover the broom
corn therewith; that during the following night there was
a severe storm which blew all the boards off and covered
the broom corn completely with snow, materially damag-
ing the same.    The court permitted the defendant, over the
plaintiff's objection, to testify that the damage to the broom
corn by reason of its becoming wet was $15 per ton, or $135.
It was upon this testimony alone that the court rendered
the judgment against the plaintiff for damages.    This judg-
ment is erroneous and cannot stand, for two reasons: In
the first place there was no competent evidence before the

court to show in what sum the broom corn was damaged by reason of the removal of the building. The only witness for the defendant was himself, who gave his opinion merely as to the amount of his loss over the objections of the plaintiff. To the question, " How much, and to what extent was it [the broom corn] damaged?" he answered : " I had been offered $60 a ton for it, and after it was damaged I had to take less than $45 a ton." In answer to the question, " What was it worth after the act of the plaintiff in moving the barn at that time?" he said : " I consider it worth $15 a ton less." The foregoing are fair specimens of the questions propounded to the defendant and his answers thereto relating to the amount of damages. The facts should have been stated by the witness, instead of his conclusions. It was for the trial court alone to determine the amount of damages from the facts proved on the trial. There was no competent evidence showing the market value of the broom corn just before or immediately after it became injured, hence the assessment of damages was erroneous. Again, the injury to the broom corn was not a proper element of damage in this case. Plaintiff did not sue out a writ of replevin for the broom corn, but for the building in which it was stored. The latter alone was taken under the writ, the former being left upon the ground, where it was piled, unmolested and undisturbed. The defendant was notified before suit was commenced to take away his broom corn and he agreed to do so. He was also notified immediately of the removal of the building, in order that he might protect the broom corn from exposure and damage. What more had the defendant a right to expect? The plaintiff could not reasonably anticipate that there would be a storm which would injure the property. The damages claimed are too remote.

The question we have just been considering has been passed upon by this court in *Deitrichs v. Lincoln & N. W. R. Co.*, 13 Neb., 47. That was an action of replevin to re-

31

cover the possession of a frame dwelling, the cause being tried before a referee. Chief Justice LAKE, in delivering the opinion of the court, says: "Upon the trial the plaintiff in error offered to show that in the removal of the house under the order of replevin, damage was done to certain of her personal effects therein. This offer was wholly immaterial, and in rejecting it the referee ruled correctly. That was a matter that could not be properly adjudicated in this action, which concerned only the claims of the respective parties to the house." Upon principle, as well as authority, we are of the opinion that the defendant was not entitled to a judgment for damages. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.