## HARLESS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 20, 1899.)

No. 1,050.

**1. CRIMINAL LAW—APPEAL—REVIEW—RULING ON MOTION FOR NEW TRIAL.**

In the federal courts the granting or denying of a motion for new trial is a matter resting in the sound discretion of the trial court, and its action is not reviewable.

**2. SAME—ASSIGNMENTS OF ERROR.**

A circuit court of appeals will not consider an assignment of error based upon the admission of evidence or the refusal of instructions, unless the evidence objected to or the instruction refused is set out as required by rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.).

**3. SAME—REVIEW—FAILURE TO COMPLY WITH RULES.**

The court will not consider itself required, even in a criminal case, to notice assignments of error, where there has been no apparent effort to comply with its reasonable rules for the presentation of cases for review, which have been in force since the court was organized.

In Error to the United States Court of Appeals in the Indian Territory.

For opinion on motion to dismiss, see 88 Fed. 97.

Thomas Marcum and Edgar Smith (W. M. Mellette, Thomas Owens, J. H. Koogler, and John Watkins, on the brief), for plaintiff in error.

L. F. Parker, Jr., Asst. U. S. Atty. (P. L. Soper, U. S. Atty., on the brief).

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. John D. Harless, the plaintiff in error, was tried in the United States court in the Indian Territory for the Northern district of said territory, under an indictment previously returned against him which originally contained four counts, two of which, the first and third, were subsequently dismissed by counsel representing the government. One of the counts of the indictment, on which the accused was ultimately tried, charged him with stealing certain cattle, and the remaining count, on which he was also tried, charged him with the offense of receiving certain cattle into his possession and selling them, knowing them to have been stolen. The proof adduced at the trial appears to have been sufficient to warrant a jury in finding that the accused was either concerned in the larceny of the cattle, or, if not concerned in the larceny, that he had received the cattle after they had been stolen, and had sold and disposed of them knowing them to be stolen property. The jury returned a verdict of not guilty on the count charging larceny, but rendered a verdict of guilty on the fourth count of receiving stolen property knowing it to have been stolen. After a motion for a new trial had been overruled, the accused was sentenced to five years' imprisonment in the United States penitentiary at Leavenworth, Kan. From this sentence he prosecuted an appeal to the United States court of appeals in the Indian Territory, where the conviction was affirmed. 45 S. W. 133. The case was then brought to this court by a writ of error.

The assignment of errors which was filed in the territorial court of

appeals for the purpose of obtaining a review of the case by this court specifies: First, that error was committed in refusing to grant the accused a new trial because the verdict was contrary to law; second, in refusing to grant a new trial because the verdict was contrary to the evidence; and, third, in admitting incompetent testimony during the trial notwithstanding objections made thereto by the accused.

The first two of these assignments present no question which this court can notice, as it is well settled in the federal courts that the granting or the denying of a motion for a new trial is a matter resting in the sound discretion of the trial court. Railroad Co. v. Howard, 4 U. S. App. 202, 1 C. C. A. 229, and 49 Fed. 206; Railroad Co. v. Charless, 7 U. S. App. 359–388, 2 C. C. A. 380, and 51 Fed. 562; Edward P. Allis Co. v. Columbia Mill Co., 27 U. S. App. 583–593, 12 C. C. A. 511, and 65 Fed. 52. Equally unavailing is the third assignment of error above mentioned, inasmuch as it does not quote the objectionable testimony, either in full or in substance, as rule 11 (31 C. C. A. cxlvi., 90 Fed. cxlvi.) of this court requires, or point to the place in the record where such objectionable testimony can be found.

The fourth assignment of error is that the trial court erred "in refusing to give the special instructions asked for by the defendant, the same numbered 1, 2, 3, and 4, and made a part of the motion for new trial by exhibit." An examination of the record shows that it contains no instructions asked for by the defendant corresponding to this description. Moreover, rule 11, above referred to, required these so-termed special instructions said to have been asked by the defendant and refused to be set out in the assignment of errors. Counsel for the plaintiff in error have not complied with this regulation. Besides, as the defendant appears to have asked only two instructions, and as they are not numbered, and do not seem to have been made exhibits to the motion for a new trial, we are wholly unable to identify the instructions said to have been asked by the defendant, to which the assignment refers. Not being able to identify the alleged instructions, it goes without saying that we are powerless to consider them.

The fifth assignment of error specifies that the court erred in submitting to the jury the fourth count of the indictment, because there was no evidence to support that count. This was the count charging the offense of receiving stolen property. It does not appear, however, that the defendant asked the trial court at the conclusion of the case to charge specially as to this count that there could be no conviction for want of any evidence to support it. Counsel did ask the trial court to direct a verdict for the defendant on both counts of the indictment, which instruction was very properly refused, for, beyond all question, there was evidence to sustain the charge of larceny. But no separate request was made to withdraw the fourth count from the consideration of the jury on the ground that as to that count there was no evidence to sustain it; and, in the absence of such a request, it is at least questionable whether the point covered by the fifth assignment would, in any event, be tenable, for want of an appropriate request addressed to the fourth count, and to that count only. Vil-

lage of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, and 50 Fed. 689; Insurance Co. v. Unsell, 144 U. S. 439–451, 12 Sup. Ct. 671. We have examined the evidence, however, and are of the opinion that there was some evidence tending to support the fourth count of the indictment. The testimony to which we allude was pointed out at considerable length in the opinion of the territorial court of appeals when the case in hand was before that court (45 S. W. 133, 134), and we fully agree with what was said by the court on that subject. There was more evidence, we think, to sustain the charge of larceny, but there was enough evidence to warrant the trial court in permitting the jury to determine whether the accused was not guilty of the offense of receiving stolen property if they found him to be innocent of the charge of larceny.

The sixth and last specification of error is that the court erred "in charging the law with reference to accomplices." The portion of the charge here referred to is not set out in the assignment of errors so that we may know, without going over the whole charge, what is intended, as rule 11 directs shall be done when an exception to a part of the charge is relied upon, and for that reason we are authorized by the rule to disregard the supposed error. We may say generally that, inasmuch as there was no apparent effort in this case to comply with a rule of practice regulating the preparation of assignments of error which is reasonable in its requirements, and has been in force since this court was organized, we do not feel disposed, although this is a criminal case, to notice alleged errors which have not been properly assigned. The territorial court of appeals considered at some length the alleged error in the charge on the subject of accomplices, and reached the conclusion that as what was said on that head only had reference to the charge of larceny, of which the accused was acquitted, the error complained of, if there was error, was wholly immaterial, and worked no prejudice. Without pursuing the subject at any greater length, it is sufficient to say that we are satisfied that the judgment should not be disturbed. It is accordingly ordered that the judgment of the United States court in the Indian Territory and the judgment of the court of appeals in the Indian Territory be each affirmed, and that the sentence heretofore imposed be duly executed.