CROCKETT et al. v. MILLER.

'Circuit Court of Appeals, Eighth Circuit. December 2, 1901.)

No. 1,535.

1. TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE—OBJECTION—APPEAL.

Where there was no motion for an instructed verdict, but, without objection, the court was permitted to charge the jury on the assumption that there was sufficient evidence to justify the submission of the case to them, the objection that there was no evidence to support the verdict cannot be first heard and considered in the appellate court.

**2. MALICIOUS TRESPASS—JURY—INSTRUCTIONS—DAMAGES.**

Where, in an action against a sheriff for maliciously levying on and taking plaintiff's property under an execution against another, the court has carefully instructed the jury as to the special damages claimed and the grounds of recovery, a charge that if they find that defendant's acts were willful and malicious, and for the purpose of injuring the plaintiff, they should then ascertain what damages she has sustained, as shown by the evidence, and that she is entitled to recover such damages, is not objectionable, as assuming that the evidence shows that she has sustained some damage.

**3. SAME—REPLEVIN—JUDGMENT—ESTOPPEL.**

Under Consol. St. Neb. § 4701, providing that a judgment for plaintiff in replevin shall include "adequate damages for the illegal detention of the property," such a judgment, recovered against the sheriff, is not a bar or estoppel to an action against him for damages to plaintiff's reputation, business, and credit, resulting from the malicious levy on and taking such property under an execution against another.

**4. SAME—SPLITTING CAUSE OF ACTION.**

Under Consol. St. Neb. § 4701, limiting the damages which may be recovered in replevin to those for the illegal detention of the property, damages to the business reputation and credit of the owner, resulting from the malicious taking of the property, cannot be recovered in such action, and hence a separate action to recover such damages is not a splitting of a cause of action.

**5. SAME—ACTIONS—CONSISTENT REMEDIES**

An action for malicious trespass in seizing plaintiff's goods under an execution against another is not inconsistent with a replevin suit to recover such goods, so as to render the bringing of replevin an election of remedies precluding a subsequent action for malicious trespass.

In Error to the Circuit Court of the United States for the District of Nebraska.

Prior to January, 1897, Joseph Horkey, being the owner of a stock of merchandise contained in a store in Creighton, Neb., executed a mortgage upon the same to secure the payment of an indebtedness due to one Cheney. The property conveyed by the mortgage was afterwards, in January, 1897, sold under a power of sale therein contained, and purchased by one Bonesteel, who afterwards, in March, 1897, sold and delivered the same to Belle Miller, the defendant in error. She continued carrying on the business of buying and selling merchandise in the same store, employing Horkey as an agent or clerk, until June 23, 1897, when Charles Crockett, then sheriff of Knox county, one of the plaintiffs in error, levied an execution upon the entire stock of boots and shoes in the store to satisfy a judgment before then rendered against Horkey. The goods so seized in execution remained in the store, in custody of the sheriff, until June 25, 1897, when the same were delivered by him to Belle Miller, pursuant to the command of an order of delivery made in a replevin suit then instituted by her against him in the district court of Knox county for the same. This suit came on for a hearing and was heard in May, 1898, resulting in a judgment in her favor against Crockett for one cent damages and costs. While that suit was pending, and on July 7, 1897, Belle Miller instituted in the circuit court of the United States for the district of Nebraska her civil action against Charles Crockett and the other plaintiffs in error herein, who were sureties on the official bond of Crockett as sheriff of Knox county, to recover the sum of $5,000 damages alleged to have been sustained by her in loss of credit and business standing as a result of what she alleges to have been malicious conduct on the part of the sheriff in making the levy, and also to recover the sum of $1,000 alleged to have been paid out and expended by her as attorney's fees and expenses in asserting her right and title to the goods so levied on by Crockett. The answer of the defendants put in issue the alleged malice of the sheriff, and pleaded affirmatively the judgment in the replevin suit as an estoppel by former adjudication to plaintiff's

right of recovery. The cause came on for trial, and resulted in a verdict and judgment for plaintiff in the sum of $2,157.11. To reverse this judgment, the defendants bring the case here by writ of error. The assignments of error challenge the judgment rendered below in three particulars: First, that there was not sufficient evidence to support the verdict; second, that the trial court erred in certain portions of its charge to the jury; third, that the trial court erred in refusing to hold that the judgment in the replevin suit was a bar to this action.

William V. Allen and Willis E. Reed, for plaintiffs in error.

H. C. Brome and A. H. Burnett, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

ADAMS, District Judge, after stating the case as above, delivered the opinion of the court.

It is charged in the complaint that the sheriff well knew that the goods which he seized, under authority of the execution against Horkey, did not belong to Horkey, but were the goods and property of the plaintiff, and also that the sheriff "willfully, maliciously, and with the intent and design of * * * destroying and injuring her business credit and standing, and preventing her from carrying on and continuing her business," made the levy in question, and did thereby in fact interfere with the conduct of her business, and injure her business credit and standing. It is further charged in the complaint that the sheriff well knew that the seizure of her goods by him under execution as the property of another would "greatly impair her business credit and standing." This action is analogous to one for the malicious abuse of civil process, but in reality is an action on the case for a malicious trespass, committed under color of office. No question was raised below as to the character of the action, or the sufficiency of the complaint to state a cause of action, but defendants chiefly relied upon the proposition that the judgment and satisfaction thereof, in the former replevin suit, was an effectual bar to this action. Before considering this main defense, we will dispose of the two other assignments of error.

The first is that there was no evidence to support the verdict. This contention is a new one, and for the first time made in this court. No motion for an instructed verdict, either at the close of plaintiff's case or at the close of the whole evidence, was made; but, without objection on the part of defendants, the court was permitted to charge the jury on the assumption that there was sufficient evidence to justify a submission of the case to them. Such being the facts, defendants cannot now for the first time be heard to raise the question of the sufficiency of the evidence to support the verdict. Village of Alexandria v. Stabler, 1 C. C. A. 616, 50 Fed. 689; Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496, and cases cited.

The next assignment of error challenges the correctness of the following two portions of the charge of the court to the jury:

(1) "If, on the other hand, you find that the sheriff, Mr. Crockett, was not actuated simply by an honest desire to perform what he regarded and believed to be his duty under the circumstances of the case as an officer,

but was actuated by a willful and malicious motive or purpose to injure the plaintiff, then the plaintiff would be entitled to recover of the defendants in this case the damages which the testimony shows plaintiff has sustained. * * *"

(2) "If, on the other hand, you find his action was willful and malicious, then ascertain what were the damages shown by the evidence which the plaintiff has sustained."

The court in the forepart of its charge had clearly and distinctly called the jury's attention to the particular allegations of the complaint set forth in some detail at the beginning of this opinion, and immediately preceding one portion of the charge excepted to had told the jury to first determine from the evidence whether the sheriff acted willfully and maliciously as alleged in the petition, and that if he did so act—that is, with the intent and design of destroying and injuring plaintiff's business credit and standing—the plaintiff could recover, but if he did not so act the verdict should be for the defendants. The criticism of the portions of the charge excepted to is that in them the court assumed there was evidence showing that plaintiff had sustained some damage. In our opinion, this criticism is without merit. The court pointedly referred the jury to the evidence in the case, and in effect told them, if they found for the plaintiff, to award her such damages as the evidence shows she had sustained, if any. In another portion of the charge the court narrowly confined attention to the particular damages alleged to have been sustained by plaintiff. We fail to see how the jury, in the light of the whole charge, could have been misled by the portions complained of. The next and only remaining question for our consideration is whether the trial court erred in holding that the judgment in the replevin suit was not a bar to recovery in the present action. It is conceded that, if the damages recoverable in the replevin suit might have included the damages sued for in this action, the judgment in that suit would have operated as an effectual estoppel against recovery in this action. Cromwell v. Sac Co., 94 U. S. 351, 24 L. Ed. 195; Roberts v. Railroad Co., 158 U. S. 1, 15 Sup. Ct. 756, 39 L. Ed. 873. Section 4701 of the Consolidated Statutes of Nebraska, relating to replevin, is as follows:

"In all cases where the property has been delivered to the plaintiff, where the jury shall find for the plaintiff on an issue joined, or on inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property, for which, with costs of suit, the court shall render judgment for plaintiff."

It will be recalled that plaintiff at the time of instituting her replevin suit secured an order for the delivery to her of the goods levied upon, and subsequently took possession thereof and held the same pending the trial of that suit. She thereby brought herself within the purview of section 4701, Consol. St., and had her day in court, and full opportunity to recover "adequate damages * * * for the illegal detention of the property." What are such damages? The language of the act itself seems clear and unambiguous, namely, for the illegal detention, and for nothing else. The case of Dietrich v. Railroad Co., 13 Neb. 43, 13 N. W. 13, was an action in replevin to

recover possession of a one-story frame building which the case shows to have been personal property. It was found that the plaintiff was the owner and entitled to the immediate possession of the house. Upon the trial plaintiff offered to show that in the removal of the house by the officer, pursuant to the order in the replevin case, damage was done to certain of her personal effects. The supreme court of Nebraska said: "This offer was wholly immaterial, and in rejecting it the referee ruled correctly. That was a matter that could not properly be adjudicated in this action." The case of Jameson v. Kent, 42 Neb. 412, 60 N. W. 879, was also an action in replevin. The supreme court of Nebraska took occasion there also to approve the views as expressed in Dietrich v. Railroad Co., supra. In the case of Teel v. Miles, 51 Neb. 542, 71 N. W. 296, the plaintiff, after having recovered, in an action of replevin, a judgment for the return of her property and her damages for the illegal detention of the same, instituted a second suit for damages, alleged to have been sustained by the depreciation in the value of the property while in the possession of the defendant, who, as sheriff, had levied upon it. The court there had occasion to consider the scope and meaning of section 4701, Consol. St., and said: "These provisions [referring to said section] it would seem contemplate the assessment in the replevin action of all damage resulting from the unlawful detention of the property including its use and the depreciation thereof in value while so detained." And, after citing several authorities, continues: "The unlawful detention in such case is, in contemplation of statute, a single cause of action in favor of the successful party, whether plaintiff or defendant, and the remedy therefor is exhausted by a single recovery." It is manifest that this last-mentioned case is no authority for the contention of defendants in the present case. The depreciation in the value of the property while in the possession of the sheriff was undoubtedly a proper subject for consideration in the replevin suit. It came within the obvious meaning of the language of section 4701, Consol. St., as damages resulting directly to the plaintiff by the "illegal detention" of her property, and is totally different from special damages which might have resulted consequentially to her from the malicious and willful conduct of an officer, resulting in loss of business credit and standing. It may readily be conceded, as the court there said, that the "unlawful detention" affords a single cause of action, which is exhausted by the replevin suit, but, as the present case does not relate to damages for the "unlawful detention," that case is not authority against the plaintiff's recovering the special damages sued for in this action. In the very recent case of Schrandt v. Young (decided by the supreme court of Nebraska on June 19, 1901) 86 N. W. 1085, since the argument of the case now under consideration by us, its former decisions were reviewed, and the whole subject of damages in replevin actions underwent an exhaustive consideration. The case was one in which the property replevied was delivered to the plaintiff, and the issue found in favor of defendant. By section 4700, Consol. St. Neb. 1891, the judgment in such case must be "for the return of the property or the value thereof in case a return cannot be had, or the value of the pos-

session of the same and for damages for withholding said property and costs of suit." The court in its opinion treats the damages for "withholding" property contemplated by sections 4699, 4700, Consol. St. Neb., the same as damages for "detention" of property in cases contemplated by section 4701, Id. The court says:

"Section 191a [section 4700, Consol. St. Neb.] provides that the judgment mentioned in the prior section shall be for the return of the property, or, if return cannot be had, for the value or value of possession, 'and for damages for withholding the property.' In other words, the damages allowed are for the withholding or detention of the property, not all damages generally which may be connected with the subject in dispute, or grow out of the relation of the several parties to each other or to the property. They must arise from and be incident to the contest over possession of the property, and, unless they do so arise, are not recoverable merely because connected with the transaction by reason or virtue of which the plaintiff's alleged right of taking possession accrued. * * * The replevin action is primarily to adjudicate the possession of the property. Other rights and claims must be determined, as a general rule, in other appropriate proceedings, even though closely connected with the controversy out of which the contest over possession arises."

The court finally announces its conclusion as follows:

The "measure of damages for detention recoverable by defendant in replevin may be stated thus: He may recover, (1) if there is no special value attaching to use of the property, interest; (2) if the value of use of the property exceeds the interest, then such value, without regard to whether the property is returned, but in such case no interest; (3) if loss, deterioration, or depreciation occur while the property is withheld, then the amount of such loss, damage, or depreciation, to be conditioned, however, upon return of the property, the alternative judgment for the value being fixed as of the date of the taking. Moreover, the damages for detention must be such as grow out of the detention, and are connected with or incident to the contest over possession."

The last-mentioned case is decided by the court of last resort of Nebraska, and, in our opinion, so construes its local laws as, under the familiar rule, should control our interpretation of it.

Under the New York statutes, in actions of replevin the jury is required to assess the value of the property and damages for its detention. In the case of Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641, the supreme court of that state, in discussing the measure of damages for the detention of property in a replevin suit, says:

"In many cases interest on the value from the time of the wrongful taking would be a proper measure. It would be generally in all cases where the property detained was merchandise kept for sale, grain, and all other articles of property useful only for sale or consumption. In such cases, if the owner recover the interest on the value of his property from the time he was deprived of it, he will generally have a complete indemnity, unless the property has depreciated in value, in which case the depreciation must be added to the interest on the value, taken as it was before the depreciation, and the two items will furnish the amount of the damage. This damage, together with the property or its value at the time of the trial, will give the owner as complete an indemnity as the law is generally able to give any person seeking redress for a wrong. But the same measure of damages would not generally furnish the owner an indemnity in case the property claimed had a value for use, or, in other words, a usable value, such as horses, cows, carriages, and boats. In such case the direct damage which the owner suffers is the loss of the use, and the value of the use should be the measure of damage."

Counsel for defendants rely largely upon the case of Ellis v. Crowl, 46 Kan. 100, 26 Pac. 454; but that case, in our opinion, is no authority for their contention. It was there held that after the real owners of property levied upon by the sheriff as the property of another instituted a suit in replevin for the return of their property, together with damages for its unlawful detention, and after they had been awarded a judgment in such action, and had accepted payment thereof, they could not afterwards institute an action against the sheriff and the sureties on his official bond to recover damages for the wrongful taking and detention of the property; that the adjudication in the replevin suit was conclusive upon the parties, and a bar to the maintenance of the second action. Without any doubt, that is correct. The second action, as disclosed in that case, was for the same relief, namely, damages for the taking and detention of the property which was contemplated by the replevin statutes of Kansas, and which the plaintiffs had availed themselves of in a former action in replevin. The court there says:

"The issue in this case, so far as the damages for detention is concerned, is substantially the same as in the former. The same elements of damages are to be considered, and substantially the same proof would be required to sustain the issue in either case."

If the case now before us was one for the recovery of any kind of damages for the unlawful detention of the property only, it would present the same case as was before the Kansas court, but, as already seen, such is not the fact.

As a result of a careful examination of many cases, not only those to which our attention is called by defendants' counsel, but many others to which we have given critical attention, we think the rule may be safely stated as follows: That the only damages which can be recovered by a plaintiff in an action of replevin under the statutes of Nebraska as construed by the supreme court of that state, where the property has been delivered to the plaintiff, are interest on the value of the property during the time plaintiff is deprived of its possession, the injury or damage done thereto by the officer in taking the same and while in possession thereof, and, in some cases, the usable value or the value of the use of the property while so detained. This we believe to be the New York doctrine, and is substantially the doctrine of the state of Nebraska, as we understand the decisions.

Accordingly it follows that the collateral or consequential damages occasioned by a seizure of property by the officer against whom the replevin suit is brought, such as injury to the business reputation, credit, and standing of the plaintiff occasioned by the malicious conduct of the officer making the seizure, coupled with the express purpose and intention of so injuring the plaintiff, are not within the purview of the statutory damages flowing from the unlawful detention of property, within the meaning of replevin acts. They are totally different from them, in that they do not flow proximately from the act of detention merely, but are special and consequential damages, arising out of facts specially pleaded in this case showing an intention to inflict them.

It..is more·obvious that the other element of..damages,. namely,· the attorney's fees and expenses of the plaintiff in.asserting her claim and defending her title to the property seized by the sheriff,. could not have been introduced into the replevin suit. It was for services rendered and expenses incurred in that suit that the plaintiff was damaged, and, in the absence of some statutory provision permitting recovery therefor in ·the suit itself, it is. obvious that if the necessary prerequisite element of malice existed she was required to institute another and different suit therefor. The trial court limited plaintiff's right of recovery in this action to such damages as she might have sustained by reason of loss of business credit and by reason of expenses incurred in the prosecution of the replevin suit, carefully withdrawing from the jury any consideration of damages occasioned by reason of the detention itself of the property. There was no exception taken to the court's direction with respect to damages. In other words, it was conceded at the trial that, if plaintiff was entitled to recover at all, she was entitled to recover the two items last alluded to. For the foregoing reasons, the defendants' contention that the claim asserted in this action is res adjudicata cannot prevail.

For like reasons, also, there is, in our opinion, no merit in the theory of estoppel, by splitting the cause of action, as argued by defendants' counsel. If the damages resulting to plaintiff's business standing and credit, as a consequence of the malicious conduct of the sheriff, could not have been recovered in the replevin suit, surely the plaintiff should not be punished for not attempting to do so.

Defendants' counsel further contend that plaintiff is estopped from prosecuting the present action by the doctrine of election of remedies. A statement of the principles underlying this doctrine, in our opinion, demonstrates its inapplicability to the present case. "Where there are two existing and substantially inconsistent remedies, the adoption and pursuit of one of them excludes from the party the benefit of the other." Crossman v. Rubber Co., 127 N. Y. 34, 27 N. E. 400, 13 L. R. A. 91, and cases cited. The present action for malicious trespass in seizing plaintiff's goods is not inconsistent with the replevin suit. Although these two actions "differ in form, one does not allege what the, other denies. * * * While they are consistent they are not identical, and recovery in one does not constitute a bar to a recovery in the other." Bowen v. Mandeville, 95 N. Y. 237. These two actions are not like replevin and trover, in one of which plaintiff would affirm his ownership of and title to·the property seized, in the other of which he would disaffirm·his ownership and title and sue for the conversion. These two·would present a clear case of inconsistent remedies, the election to resort to one of which would preclude resort to the other. The actions for replevin of goods, and. malicious trespass on the part of an officer in levying upon the same, each assert plaintiff's title to the property seized. A replevin action has for its immediate object the restoration to the plaintiff of his goods, and affords the incidental remedy of recovering. the direct and limited damages occasioned by the mere detention thereof. The action for malicious trespass has for its object, not the restoration of the goods, and not the direct damages occasioned by

their detention, but consequential damages resulting solely from the malicious conduct of the officer, which must be specially pleaded and proved, and which, as already seen, could not have been recovered in the replevin suit. It is also true that these two actions do not necessarily afford coexisting remedies. The remedy in replevin, under the circumstances shown in this case, arises immediately upon the taking of the goods by the officer. The remedy sought in the present action for injury done to business credit and standing might not and probably would not arise until some time after the seizure of the goods, certainly not until the knowledge of that seizure be brought home to creditors. For these reasons, supplementing those hereinbefore given on kindred propositions, we are of opinion that the doctrine of election of remedies has no application to this case.

After giving attentive consideration to all the arguments of learned counsel, we are unable to discover any reversible error in the proceedings of the trial court. Its judgment must therefore be affirmed.