### McDONNELL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1904.)

No. 1,062.

1. CRIMINAL LAW—REVIEW ON APPEAL—SUFFICIENCY OF EVIDENCE.

Where no motion is made for an instructed verdict by the defendant in a criminal case, and without objection the court is permitted to charge the jury on the assumption that there is sufficient evidence to justify the submission of the case to them, the objection that there was no evidence to support the verdict cannot be heard and considered in an appellate court.

2. SAME—ORDER DENYING MOTION FOR NEW TRIAL.

An order of a federal court granting or denying a motion for a new trial in a criminal case rests in the sound discretion of the trial court, and is not reviewable.

In Error to the District Court of the United States for the Northern District of California.

The plaintiff in error was convicted of a violation of the provisions of section 5480 of the Revised Statutes [U. S. Comp. St. 1901, p. 3696]. The evidence was that he had sent out through the mails to various persons in the state of California letters such as the following, which was sent to Clay A. Straley:

"Dear sir: I enclose a pawn ticket that is sent you by the way of restitution. The sender is at the point of death as the result of an accident. He

---

¶ 2. See Criminal Law, vol. 15, Cent. Dig. § 3067.

wishes me to say he once stole some money from you which he is unable to refund, but that the difference between the value of the locket and the amount it is pledged for is considerably more than the sum stolen. He hopes that in this way you will be able to reimburse yourself.

"Yours respectfully,                                             J. B. Taylor,
                                   "Pastor Church of the Redeemed."

The pawn ticket which was inclosed purported to be that of "H. Epstein, 331 Kearney St., San Francisco," and contained on the margin the words: "No goods sent C. O. D. This certificate must be accompanied by Money Order when goods are ordered sent by express or registered mail." The proof was that "H. Epstein" was an alias of the plaintiff in error, and that there was no such person as J. B. Taylor, but that the plaintiff in error wrote the letter so purporting to have been signed by J. B. Taylor, and that he signed the name of H. Epstein to the pawn ticket. One of the persons to whom such a letter was sent addressed a letter to H. Epstein, inquiring the value of the locket which was pawned, and requesting information as to how he could get it. The plaintiff in error answered, a portion of his letter being as follows: "The sum due is $12.50 which you may give to Wells Fargo Express Company, and they will call and get the property or if you prefer you can send me a Post Office Order and I will forward the locket on receipt. The locket is of gold ornamented with the figure of a deer's head and contains a small diamond set between the horns. Very truly yours, H. Epstein." No proof was introduced to show that in response to such letters any person ever sent money to the plaintiff in error, nor was there any proof, other than the contents of the letters, to tend to show what the plaintiff in error intended to do in case money were sent him. Evidence was introduced on behalf of the prosecution to show that when the plaintiff in error was arrested there were found upon his person several lockets such as he had described in his letters. The plaintiff in error proved by two jewelers, whose testimony was not disputed, that the lockets so found were sold to the plaintiff in error about July 1, 1903, and that they were of the full value of $12.50 each, and were such as were usually sold at retail at that price.

Bert Schlesinger, for plaintiff in error.

D. E. McKinlay and Marshall B. Woodworth, for the United States.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The indictment charged that the plaintiff in error fraudulently intended to cause Clay A. Straley to pay him the sum of $12.50 in exchange for a locket of far less value than the sum of $12.50. The court instructed the jury that the plaintiff in error could not be convicted upon this charge unless the evidence satisfied the jury beyond all reasonable doubt that the locket referred to in the indictment was of far less value than the sum of $12.50. The assignments of error are that the court failed to instruct the jury to acquit the plaintiff in error, that the evidence was insufficient to justify the verdict, and that the court overruled the motion of plaintiff in error for a new trial. But there appears in the bill of exceptions no request for an instruction to acquit the plaintiff in error, and no exception to any of the instructions. It is well settled that where no motion is made for an instructed verdict, and, without objection, the court is permitted to charge the jury on the assumption that there is sufficient evidence to justify the submission of the case to them, the objection that there was no evidence to support the verdict cannot be heard and considered in an appellate court. Hartford Life Ins. Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L.

Ed. 496; Village of Alexandria v. Stabler, 50 Fed. 689, 1 C. C. A. 616; German Ins. Co. of Freeport v. Frederick, 58 Fed. 144, 7 C. C. A. 112; Pacific Mut. Life Ins. Co. v. Snowden, 58 Fed. 342, 7 C. C. A. 264; Crockett v. Miller, 112 Fed. 729, 50 C. C. A. 447. This court is precluded, therefore, from considering the question of the sufficiency of the evidence to justify the verdict. The granting or denying a motion for a new trial rests in the sound discretion of the trial court, and is not reviewable. This has always been the rule in the federal courts. Harless v. United States, 92 Fed. 353, 34 C. C. A. 400; Smith v. Hopkins, 120 Fed. 921, 57 C. C. A. 193.

The judgment of the District Court will be affirmed.