## WEEKES v. UNITED STATES.
### No. 4380.

Circuit Court of Appeals, Third Circuit.
Dec. 22, 1930.

James A. Lightfoot and John Rauffenbart, both of Atlantic City, N. J., for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Douglas M. Hicks, Asst. U. S. Atty., of New Brunswick, N. J.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge.

The appellant, Reginald Weekes, and one Charles Daly were charged with violation of section 3 of title 2 of the National Prohibition Act (27 USCA § 12) in an indictment containing two counts: In the first count with the unlawful manufacture of intoxicating liquor, and in the second with unlawful possession of intoxicating liquor. Weekes was convicted upon both counts and sentenced to six months' imprisonment in the Atlantic County Jail.

The assignments of error relied upon in the appellant's brief and at the argument are directed to the insufficiency of evidence to support the verdict and to error in the charge of the court. There are serious defects in the procedure by which the case was brought here.

It does not appear in the transcript of record that any bill of exceptions was presented to the trial judge. No motion for a directed verdict was made on behalf of the appellant at the close of the government's testimony and no exception was taken to any part of the charge. The appellant is seeking to raise questions of the sufficiency of the evidence and error in the charge of the court for the first time in this court. Those are sufficient grounds for dismissing the appeal. McDonnell v. United States (C. C. A.) 133 F. 293; Downing et al. v. United States (C. C. A.) 35 F.(2d) 454; Caldwell v. United States (C. C. A.) 36 F.(2d) 738.

We will not pursue that course in disposing of the case, but have examined the testimony and charge of the court and considered the case upon the merits.

The evidence tended to show that prohibition agents entered a garage owned and operated by Weekes, and detected a strong odor of alcoholic mash. Daly, Weekes' co-defendant, was in charge and was employed by Weekes as his manager. Daly collected the rents from the parts of the building not used as a garage and the charges for storage of cars kept there, and sold gasoline and oil for Weekes. Weekes lived in the same building, over the garage. In the office of the garage, which was used by Weekes as his office, the agents found a one-gallon glass jug containing moonshine whisky.

The part of the first floor not used as a garage, adjoining it but separated from it by a wall, was entered by one of the prohibition agents by climbing in through the skylight. He found a 250-gallon still which was still warm, fifty-four 50-gallon barrels of mash in a state of fermentation, and five 5-gallon cans of moonshine whisky. There was a push button in the garage office from which wires led into the room where the liquor, mash, and still were found. Only two doors opened into the room, one of which, leading from the outside of the building, was bolted and nailed up; the other, merely locked, afforded entrance from the garage.

There was testimony on behalf of the defendants that the part of the premises in which the still and the manufactured liquor were found was under lease to two men, Burnett and Shepherd, but no lease was produced by the defendants.

The trial judge charged the jury, inter alia: "You have a right to draw reasonable and possible inferences from the testimony to make up your mind as to all these facts before you."

As we view it, there was sufficient evidence from which the jury could reasonably draw the inference that the unlawful business of distilling was carried on by the defendant, and therefore sufficient to support the verdict.

Our conclusion is that the judgment should be affirmed.