## DEEMER v. UNITED FRUIT CO.
### No. 19340.

District Court, E. D. Pennsylvania.
Dec. 3, 1936.

[redacted]

[redacted]

[redacted]

[redacted]

E. Herman Fuiman, of Philadelphia, Pa., for plaintiff.

Samuel B. Fortenbaugh, Jr. (of Shields, Clark, Brown & McCown), of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This was an action at law in which the defendant at the trial submitted a point for binding instructions. The trial judge, not being prepared to affirm the point, reserved it and submitted the case to the jury, which brought in a verdict for the plaintiff subject to the point of law reserved. Subsequently, after argument the court directed judgment to be entered for the defendant upon the point of law reserved. The testimony was taken down stenographically at the trial by a stenographer employed by the parties, and the plaintiff now raises the question whether it was not the duty of the defendant before moving for judgment on the reserved point to move the court to have the evidence certified and filed so as to become part of the record. There is also involved the question whether the court had power to enter judgment on the point reserved until the evidence had been so certified and filed. This brings us directly to the consideration of the Pennsylvania Act of April 22, 1905, P.L. 286, as amended by the Act of April 9, 1925, P.L. 221 (12 P.S.Pa. § 681 et seq.), since if that act governs the procedure in such cases as this the plaintiff's position is well taken.

The act of 1905 (section 1 [12 P.S.Pa. § 681]) provides that, "whenever, upon the trial of any issue, a point requesting binding instructions has been *reserved* or declined, the party presenting the point may within the time prescribed for moving for a new trial, or within such other or future time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence." It will be noted that this act covers two cases, the case when a point for binding instructions has been reserved and the case when such a point has been declined.

The Supreme Court of the United States, in Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029, held that the procedure provided by the act in the second case violated the Seventh Amendment to the Constitution, in that it permitted the court to re-examine a fact tried by a jury in a manner otherwise than in accordance with the rules of the common law as they existed in 1791. The Supreme Court has, however, held that the practice of entering judgment on a point of law reserved was known to the common law and does not violate the Seventh Amendment. Baltimore & Carolina Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636. The reservation of a point for binding instructions is, as we have seen, the first case provided for by the act of 1905, and is the procedure which was followed in the case

now before the court. The question, therefore, is whether the provisions of the act of 1905, which in terms regulate the procedure for the entry of judgment on a reserved point for binding instructions, must, under the Conformity Act (28 U.S.C.A. § 724), be followed by the federal courts sitting in Pennsylvania. In considering this question we observe that the Supreme Court in the Slocum Case dealt only with those provisions of the statute authorizing the entry of judgment when a point for binding instructions was declined. In the Redman Case the Supreme Court, in discussing the Slocum Case, said (295 U.S. 654, at pages 658, 659, 55 S.Ct. 890, 892, 79 L.Ed. 1636):

"It therefore is important to have in mind the situation to which our ruling applied. In that case the defendant's request for a directed verdict was denied without any reservation of the question of the sufficiency of the evidence or of any other matter; and the verdict for the plaintiff was taken unconditionally, and not subject to the court's opinion on the sufficiency of the evidence. A statute of the state wherein the case was tried (Act April 22, 1905, p. 286, § 1 [see 12 P.S.Pa. § 681]) made provision for reserving questions of law arising on a request for a directed verdict, but no reservation was made. The same statute also provided that, where a request for a directed verdict was denied, the party making the request could have the evidence made part of the record, and that, where this was done, the trial court, as also the appellate court, should be under a duty 'to * * * enter such judgment as shall be warranted by the evidence.' It was in conformity with this part of the statute that the Court of Appeals directed a judgment for the defendant.

"We recognized that the state statute was applicable to trials in the federal courts in so far as its application would not effect an infraction of the Seventh Amendment, but held that there had been an infraction in that case, in that under the pertinent rules of the common law the Court of Appeals could set aside the verdict for error of law, such as the trial court's ruling respecting the sufficiency of the evidence, and direct a new trial, but could not itself determine the issues of fact and direct a judgment for the defendant, for this would cut off the plaintiff's unwaived right to have the issues of fact determined by a jury.

"A very different situation is disclosed in the present case. The trial court expressly reserved its ruling on the defendant's motions to dismiss and for a directed verdict, both of which were based on the asserted insufficiency of the evidence to support a verdict for the plaintiff. Whether the evidence was sufficient or otherwise was a question of law to be resolved by the court. The verdict for the plaintiff was taken pending the court's rulings on the motions and subject to those rulings."

■■■■■ It will thus be seen that the Supreme Court of the United States has clearly indicated that the act of 1905, in so far as it does not set forth a procedure in violation of the Seventh Amendment, is applicable to trials in the federal courts in this state. It is equally clear that the Seventh Amendment is not concerned with forms of procedure. Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 514, 75 L.Ed. 1188; Baltimore & Carolina Line v. Redman, supra, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L. Ed. 1636. In the Champlin Case the court said (283 U.S. 494, at page 498, 51 S.Ct. 513, 75 L.Ed. 1188): "But we are not now concerned with the form of the ancient rule. It is the Constitution which we are to interpret; and the Constitution is concerned, not with form, but with substance. All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law. See Herron v. Southern Pacific Co., 283 U.S. 91, 51 S. Ct. 383, 75 L.Ed. 857. Beyond this, the Seventh Amendment does not exact the retention of old forms of procedure."

As we have seen, the practice of reserving a point for binding instructions has been expressly upheld in the Redman Case and it is clear that the Seventh Amendment does not require that the rules of procedure in such a case should remain as they were at common law. It follows under the Conformity Act that the provisions of the act of 1905 which lay down rules of procedure for the entry of judgment on a reserved point are to be applied in the trial of actions at law in the federal courts in Pennsylvania "as near as may be." This conclusion is supported by the opinion of the Circuit Court of Appeals for this circuit in McCord v. Baltimore & O. R. Co.,

187 F. 743. While that case, which was decided before the Slocum Case, involved the entry of judgment on a point declined, it dealt with the procedure under the act which is equally applicable to the case of a point reserved. The Circuit Court of Appeals there held that when the evidence had not been certified and filed so as to become part of the record, it was not part of the record and could not be considered by the court upon the motion for judgment. The court accordingly reversed the action of the court below in entering judgment for the defendant n. o. v. and directed it to enter judgment on the verdict in favor of the plaintiff. Judge McPherson in stating the opinion of the court said (page 745 of 187 F.): "In the present case the defendant presented a point asking for binding instructions, which was neither reserved nor formally declined; but, as the case was submitted to the jury, we shall treat the submission as equivalent to a refusal. The defendant's counsel evidently so treated it, for he excepted to 'the court's refusal of all of defendant's points,' and afterwards in accordance with the act moved the court to 'order and direct that the entire testimony taken herein be filed and become and be a part of the record, and that judgment non obstante veredicto in favor of the defendant be entered thereon.' Thereupon the act made it the duty of the court 'to so certify the evidence,' and it is at this point that we are constrained to decide that a vital error was committed. The evidence was never certified, either then or at any time thereafter, and in our opinion this was a failure to comply with an indispensable requirement. No exception to the admission of any evidence was taken at the trial; but, even if exceptions here and there had been taken, the whole of the evidence could not possibly get upon the record except by pursuing the statutory method, and it was therefore not available for consideration by the court below, and is not available now in the court of appeals. Under ordinary circumstances it is probably an unimportant detail when the certification takes place, at least while the court's power over the case continues; but at some time the judge must certify, and he himself must perform the act. A certificate by the stenographer is not sufficient, as the Supreme Court of Pennsylvania has often decided; and, even if it were, there is no such certificate in the pending case. Obviously, the accuracy of the notes is of the highest importance, and the duty of certifying to their correctness is put where is properly belongs—upon the judge—and cannot be omitted. Of course, he will naturally receive the valuable assistance of counsel; but he is the final arbiter of disputes, and this is no doubt the principal reason why the act has expressly made it 'the duty of the court' to attach his certificate. Only upon 'that evidence,' thus authenticated, can he enter judgment upon a point reserved or declined, and only upon that evidence can a court of appeal safely act. If, therefore, the certified evidence is not before him—we repeat that the time of certifying is ordinarily not important—he has nothing but the bare record upon which he can act, and upon that his judgment (generally speaking) must follow the verdict. If it had followed the verdict in this case, the judgment must have been for the plaintiff; and in our opinion such a judgment should have been entered by the Circuit Cout. We cannot possibly determine on the merits the accuracy of the judgment n. o. v., for we must disregard the evidence entirely, and we are therefore presented with a record which on its face entitles the plaintiff to a judgment in accordance with the verdict."

The conclusion we have reached is also supported by the opinion of our Circuit Court of Appeals in Smith v. Jones, 181 F. 819, a case in which a point for binding instructions for the defendant was reserved, a verdict rendered for the plaintiff, and defendant's motion for judgment on the reserved point denied by this court. Upon an appeal by the defendant the Circuit Court of Appeals, after considering the evidence which had been certified and filed under the act of 1905, reversed the judgment for the plaintiff and directed this court to enter judgment non obstante veredicto in favor of the defendant. Judge Buffington in the opinion of the court said (pages 823, 824 of 181 F.):

"It is contended, however, that the court below was without power to enter a judgment in favor of the defendants non obstante veredicto in pursuance of the Pennsylvania practice act of April 22, 1905 (P. L. 286). In Fries-Breslin Co. v. Bergen, 176 F. 76, this court held that:

"'Under the conformity provisions of section 914 of the Revised Statutes (U.S. Comp.St.1901, p. 684 [28 U.S.C.A. § 724]), the Circuit Court was required to recognize the practice authorized by the said

Pennsylvania act of 1905; there being nothing incongruous therein with the organization of the federal courts or their settled rules of procedure.'

"In view of the able argument made in the present case in support of an opposite view, we have re-examined the question but find no reason to differ from our former conclusion. The practice of entering judgments non obstante veredicto has long existed in Pennsylvania, and it enables the case to be concluded by a verdict, while the entry of judgment thereon is made dependent on the court's opinion on a reserved question of law. This permits the judge to give to the decisive law question on which a case turns a more careful examination than he can do in the stress of trial. Moreover, if an appellate court on review of such judgment finds error, it can reverse and direct entry of judgment for the other party and avoid a retrial. Long experience in this practice has convinced the bar and bench of the state of its value in conducing to a more careful and deliberate consideration of the law by the trial judge and to the avoidance of retrials. * * *

"In the present case, the defendants, in accordance with the act, moved the court for binding instructions in their favor. This request was reserved by the court in terms:

" 'I reserve the first point of defendants asking for binding instructions in connection with the question whether there is any evidence to go to the jury in support of the plaintiff's claim.'

"Subsequently, on defendants' motion for judgment non obstante veredicto, the evidence was certified, and thereupon (Columbia & P. S. Railroad Co. v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405; German Ins. Co. v. Frederick, 58 F. [144] 148, 7 C.C.A. 122; Village of Alexandria v. Stabler, 50 F. 689, 1 C.C.A. 616), it became the duty of the court to decide whether there was evidence to go to the jury. On this point the court below thought there was and entered judgment for the plaintiff on the verdict. In this, as we have shown in the foregoing part of this opinion, there was error. The case turned on the construction of the papers, and under our construction they disclosed no right of action in the plaintiffs. We, accordingly, reverse the action of the lower court and remand the case, with directions to enter judgment on the reserved point in favor of the defendants. That this

practice results in but one trial and a final judgment on review is sound ground for the federal courts of this state conforming to the state's statutory practice. That this practice saves retrials and permits a final judgment when the case is reviewed shows its practical administrative worth. Interest rei publicæ ut sit finis litium. That the statute is of the kind to which the conformity act applies we are clear. Townsend v. Jemison, 48 U.S.[7 How.] 706, 12 L.Ed. 880; Sawin v. Kenny, 93 U.S. 289, 23 L.Ed. 926; Bond v. Dustin, 112 U.S. [604] 607, 5 S.Ct. 296, 28 L.Ed. 835; Ft. Scott v. Eads Brokerage Co., 117 F. 51, 54 C.C.A. 437."

We need only add that in the Redman Case the District Court for the Southern District of New York conformed, in reserving the defendant's point for binding instructions and taking a verdict subject thereto, to the New York Civil Practice Act (sections 459, 461), which authorizes that procedure in the courts of that state, and that the Supreme Court in that case approved the action of the District Court in taking the verdict subject to the reserved point in conformity with the New York act, as clearly appears from its action in directing that a judgment of dismissal on the merits be entered on the reserved point in lieu of the judgment which the District Court entered for the plaintiff on the verdict.

At this point it should be noted that there is one vital difference between the procedure in the state courts and in the federal courts in Pennsylvania. In the state courts an official stenographer is provided for by statute (17 P.S.Pa. § 1801), whose duty it is to take full stenographic notes of all judicial proceedings and to make therefrom a correct typewritten copy, which when certified by him and approved by the trial judge and filed becomes part of the record. Consequently, upon a motion under the act of 1905 to certify and file the evidence, the court has a transcript of the evidence available which has been prepared by its own officer. In the federal courts, however, there is no official stenographer provided and typewritten transcripts of the testimony, if made at all, must be made by stenographers employed by the parties. Consequently upon a motion being made in a federal court under the act of 1905 to have the evidence certified and filed, it is necessary for the moving party to provide the trial judge with a satisfactory typewritten transcript of the

testimony, since it is obviously not possible for the trial judge to prepare such a transcript from his own memory.

■ Accordingly, holding that under the Conformity Act we must follow the procedure laid down in the act of 1905, we conclude that we were without power to enter judgment in favor of the defendant upon the point for binding instructions reserved in the present case. Since the evidence had not been certified and filed so as to become part of the record, it was not before us for consideration upon the motion for judgment, and the judgment which we entered for the defendant has nothing in the record to support it.

The judgment entered for the defendant upon the point of law reserved will accordingly be vacated, with leave to the defendant, upon furnishing the trial judge with a satisfactory transcript of the testimony, to move the court to have all of the evidence taken at the trial duly certified and filed so as to become part of the record and for judgment for the defendant upon the point of law reserved.